T. G. OKEY, Respondent, v. STATE INSURANCE COMPANY OF DES MOINES, IOWA, Appellant.

Kansas City Court of Appeals, February 6, 1888.

1. PRACTICE—PLEADING—SUFFICIENCY OF AVERMENTS AS TO CONDITIONS—CASE ADJUDGED.—In an action based upon a contract of insurance, the policy containing the usual stipulations as to the duty of the assured, in case of loss, an averment in the petition, "that plaintiff has complied with all the conditions of said policy upon his part," is sufficient, under our practice act, to include the condition precedent as to furnishing proofs of loss. And under the allegation of performance proof of a waiver of condition by defendant is admissible.

2. CONTRACT—INSURANCE—CONDITION AS TO REQUIRING INDORSEMENT ON POLICY.—The usual provision in policies of insurance requiring a distinct agreement, indorsed on the policy to effect "a waiver of any printed or written conditions or restrictions therein," has no application to the acts to be performed after the loss occurs. It has reference to those conditions and provisions of the policy which form a part of the contract of insurance, essential to make it a binding contract between the parties.

3. ——— WAIVER—WHAT IT IS, AND HOW IT IS DETERMINED—CASE ADJUDGED.—A waiver is a mixed question of law and fact, and each case must depend upon its peculiar circumstances. It is a question of intention, and that is to be determined by the triers of fact. When the insurer, knowing the fact, does that which is inconsistent with the intention to insist upon the strict compliance with the conditions precedent of the contract, it is treated as having waived their performance.

APPEAL from Polk Circuit Court, HON. W. I. WALLACE, Judge.

*Affirmed.*

The case is stated in the opinion.

GOODE & CRAVENS, for the appellant.

I. The petition containing no sufficient averments of the conditions precedent to right of recovery the court erred in admitting any testimony in the case after defendant objected on that ground. Facts must be

stated as they exist and show a legal cause of action. *State to use v. Matson*, 38 Mo. 489; *Link v. Vaughan*, 17 Mo. 585.

II. Preliminary proofs of loss are conditions precedent to the right of recovery by assured. *Ins. Co. v. Kyle*, 11 Mo. 278; *Inman v. Ins. Co.*, 12 Wend. [N. Y.] 452; *Noonan v. Ins. Co.*, 21 Mo. 81. In the last case above cited it is expressly declared that the entering upon an investigation of the loss and offer to pay a certain amount will not constitute a waiver, even in a policy where there is nothing said as to what shall constitute a waiver. In the policy here sued on it is expressly stipulated and agreed by the parties that nothing less than a " distinct agreement clearly expressed and endorsed on this policy shall be construed as a waiver of any printed or written condition or restriction therein." How, then, can anything that was said or done by the company be tortured into a waiver of the proofs of loss in the very face of such an agreement ?

III. It is true that defects in, but not entire absence of, preliminary proofs of loss may be deemed waived, when the insurers place their refusal to pay upon other grounds ; but certainly not so even in that case when the policy-holder has entered into an agreement that he will not claim anything as a waiver which is not endorsed on the policy under a distinct agreement to that effect. *Russell v. Ins. Co.*, 55 Mo. 593; *Martin v. Ins. Co.*, 32 Am. Dec. 220; *Sims v. Ins. Co.*, 47 Mo. 61; *Ins. Co. v. Tyler*, 30 Am. Dec. 90; *Ins. Co. v. Francis*, 19 Am. Dec. 549.

IV. Even in the absence of contract as to what, and what only shall be taken as a waiver of conditions in the policy—it is for the court, under definite instructions on the subject, to define and inform the jury just what acts will amount to a waiver. *Ins. Co. v. Kyle*, *supra; Minor v. Edwards*, 12 Mo. 139; *Phillips v. Ins. Co.*, 14 Mo. 231; *Ins. Co., v. Hamer*, 2 Ohio St. 476; *Byrne v. Ins. Co.*, 20 Ind. 104; *Lawrence v. Ins. Co.*, 10 Pet. [U. S.] 507. It will be observed in all the above

cases there was an attempt on the part of the insured to comply with the terms of the policy, but the proofs were defective. In the case now under consideration there was no attempt whatever to furnish preliminary proof, nor, strange to say, was there effort made at the trial to explain why these plain and just provisions of the policy were ignored by the plaintiff.

V. Again there was no waiver of these conditions, because the fire occurred on the fifteenth of March, and not until the twenty-first of June following did the company send an adjuster to even inquire into the nature of the loss. And this same adjuster, after failing to effect a compromise with the assured, distinctly informed him in the last interview at Humansville, on the twenty-first of June, when he refused their compromise proposition, that "the company neither admits nor denies liability, and if you don't accept this proposition you will have to comply with all the conditions in that policy." Then, in the subsequent letter of the adjuster to the plaintiff, and before the suit was brought, he is again advised that he is not perhaps in a condition to maintain a suit until he has complied with the terms of his policy. Yet he refuses to furnish the company any proofs whatever. Plaintiff is clearly not entitled to recover.

W. R. HUDSON and J. D. ABBE, for the respondent.

I. The court was right in admitting the evidence and overruling defendant's objections thereto. The issues were tendered by the pleadings. Plaintiff had averred performance of all the conditions of the policy. Defendant answered, setting up failure to file proofs of loss, and plaintiff filed reply, setting up waiver of these conditions as to proofs. Compliance with the conditions precedent was properly pleaded. Rev. Stat., sec. 3551; Bliss on Code Pleadings, sec. 301. A waiver of conditions can be proved under an allegation of performance. May on Insurance (2 Ed.) sec. 590, p. 893; *Ins. Co. v. Kyle*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 593; *Schultz v. Ins. Co.*, 57 Mo. 331.

II, On the question of waiver, there was sufficient evidence to justify the court in submitting the case to the jury. The defendant had been notified of the loss; had promised that its adjuster would be there shortly to settle the loss; had afterwards, by letter to plaintiff, explained the delay to be occasioned by the fact that its adjuster had so much to do that he had not been able to get there, and had declared that it was as anxious to get the matter settled as plaintiff could be; did send its adjuster who declared the loss was an honest one, and proposed, not to compromise, but to settle and pay on his own terms, and during all this had not given a hint that it claimed any default on the part of plaintiff until more than ninety days after the loss, and then the adjuster tells the plaintiff that if he does not settle on his terms plaintiff will have to comply with all the conditions of his policy, although one of the conditions of the policy required the proofs of loss to be furnished to the defendant within sixty days after it had occurred, and even after that the adjuster makes his offer to replace the property, and darkly hints to plaintiff that he had better examine his policy and see if he is in a condition to bring suit; never hinting that the company required proof of loss until too late for plaintiff to make the proof. Waiver may be inferred from the acts and conduct of the insurer. *Rokes v. Ins. Co.*, 51 Md. 512, and cases there cited; *Erwin v. Ins. Co.*, 24 Mo. App. 145, 153; *Dobbins v. Edmunds*, 18 Mo. App. 307. The clause in the policy in regard to requiring a waiver to be in writing does not refer to stipulations to be performed after a loss has occurred. *Rokes v. Ins. Co.*, 51 Md. 512; *Ins. Co. v. Ice Co.*, 36 Md. 102; *Whited v. Ins. Co.*, 76 N. Y. 415. Waiver need not be made in writing and may be by an agent. *Parks v. Ins. Co.*, 26 Mo. App. 511; *Parks v. Ins. Co.*, 26 Mo. App. 537; *Whited v. Ins. Co.*, 76 N. Y. 415. Entire proof of loss may be waived, as well as defects in the proof made. *Rokes v. Ins. Co., supra; Dobbins v. Edmunds*, 18 Mo. App. 307. Waiver is a question of fact to be submitted to the jury, and if there

was any evidence, tending to show a waiver, the court did right in submitting it to the jury. *Budd v. Hoffheimer*, 52 Mo. 297; *Cahn v. Reid*, 18 Mo. App. 115; *Paxon v. Pierce*, 25 Mo. App. 59.

III. The court was right in refusing plaintiff's instruction in regard to the limitation of six months as conditioned in the policy. The loss occurred on the fifteenth of March, 1886, and plaintiff's petition was filed on the eleventh day of September, 1886. This was, by statute, the bringing of the suit. Rev. Stat., sec. 3485, p. 596. But authorities on this point are unnecessary. Even the summons was issued on the fifteenth of September, 1886, and within six months of the loss.

IV. The case was fairly tried, and submitted to the jury under proper instructions. The verdict was for the right party and is sustained by the evidence.

PHILIPS, P. J.—This is an action based upon a contract of insurance against loss by fire. Plaintiff recovered judgment below, and defendant prosecutes this appeal. The property insured was a one-story frame building, valued at one hundred dollars, and one American fruit evaporator contained therein, valued at three hundred dollars. The premium was paid and policy issued in October, 1885, and was to run for one year. The fire occurred on the fifteenth day of March, 1886. The policy contained the usual stipulations respecting the duty of the assured, in case of loss, to give immediate notice thereof to the insurer, and to furnish an account of the loss, etc.

The answer tendered the following specific defences: (1) that plaintiff failed to give notice and furnish the required proof of loss; (2) that the action was barred because the same was not brought within the period of six months after the loss, as provided in the policy.

The reply tendered the general issue as to the new matter set up in the answer, and further pleaded that defendant, by its conduct, etc., had waived the requirement as to furnishing proof of loss.

I. At the trial, as in the motion in arrest of judg-

ment, the defendant raised an objection to the sufficiency of the petition, on the ground that it did not aver performance by the plaintiff of the condition precedent contained in the policy, relating to the furnishing of proofs of loss. The petition distinctly avers that "plaintiff has complied with all the conditions of said policy upon his part." The Supreme Court have held this to be sufficient under our practice act. *Richardson v. Ins. Co.*, 57 Mo. 413.

II. The contract required that the assured, in the case of loss by fire, should immediately give notice thereof to the company, and should also, within sixty days, furnish the proofs of loss to the company. The notice was given, but the prescribed proof of loss was not furnished. To excuse this failure the plaintiff relies upon the claim that defendant, by its acts, conduct, and declarations, had waived this condition of the contract. To this, defendant objects (1) that no such issue is tendered by the pleadings. It was said in *St. Louis Ins. Co. v. Kyle*, 11 Mo. 278 : "Nor do I perceive any objection to such evidence on the ground that the pleadings involve a different issue. It is merely evidence of performance. It is not a case of substitution of a new contract for an old one ; it is not an excuse for non-performance, by the prevention or discharge of the defendants ; but it is evidence of performance. The party for whose benefit the condition is inserted, is presumed to understand its import, and his acceptance is the strongest evidence that the act agreed to be done has been done according to contract." Napton, J., fully considered this question in *Russell v. Ins. Co.*, 55 Mo. 585, reaffirming the doctrine of the *Kyle case*, that, under the allegation of performance, proof of a waiver by defendant was admissible. The proof was certainly admissible when the plaintiff, in reply to the matter of defence set up in the answer, pleaded the fact of waiver, which was not a departure. (2) It is next objected to the admission of this proof, that, by the provisions of the contract of policy, no

waiver could arise unless the same had been indorsed in writing on the policy by the company. Reliance for this extreme proposition is placed on the usual provision in such policies, requiring a distinct agreement, indorsed on the policy, to effect "a waiver of any printed or written condition or restrictions therein." Such a provision as this has no application to the acts to be performed after the loss occurs. It has reference to those conditions and provisions of the policy which form a part of the contract of insurance, essential to make it a binding contract between the parties. *Van Allen v. Ins. Co.*, 4 Hun, 413; *Ins. Co. v. Ins. Co.*, 36 Md. 102; *Rokes v. Ins. Co.*, 51 Md. 512; *Whited v. Ins. Co.*, 76 N. Y. 418.

III. The only remaining question of importance is, were the facts in evidence sufficient to warrant the court in submitting the issue of a waiver to the jury? A waiver is a mixed question of law and fact. Each case must necessarily depend much upon its own peculiar circumstances and surroundings. It is a question of intention, and a fact to be determined by the triers of fact. *Ehrlich v. Ins Co.*, 88 Mo. 249; *Drake v. Ins. Co.*, 3 Grant [Pa.] 325; *Witherell v. Ins. Co.*, 49 Me. 200. "Where there is any evidence as to the authority of the agent to act in the premises, and of an actual waiver of condition on the part of the agent, it is for the jury; and though a waiver must be intentional and clearly proven, the sufficiency of the evidence relating thereto is for the jury." *Ins. Co. v. Schollenberger*, 44 Pa. St. 259. Wood on Insurance (sec. 496) lays down the general rule to be, that: "When the insurer, knowing the facts, does that which is inconsistent with its intention to insist upon a strict compliance with the conditions precedent of the contract, it is treated as having waived their performance, and the assured may recover without proving performance, and that, too, even though the policy provides that none of its conditions shall be waived except by written agreement. * * * The production of proofs of loss, or defects therein,

may be 'waived, and such waiver may be implied from what is said or done by the insurer." This rule applies as well to the absence of any proof of loss as to defective proofs. Wood on Ins., sec. 419. As such preliminary proofs are for the sole benefit of the insurer, as a means of enabling it to ascertain the character and extent of the loss, there can be no reason why it may not either waive, *in toto*, the furnishing of this proof, or extend the time for making the same. As said in *Rokes v. Ins. Co., supra:* "Estoppel, as an element in connection with a waiver of preliminary proofs of loss, means where the insurer, knowing that the proofs have not been furnished within time, so bears himself thereafter, in relation to the contract, as fairly to lead the assured to believe that he still recognizes the policy to be in force and binding upon him."

What does the bill of exceptions disclose in this case? On receipt of the notice of the fire and the destruction of the property insured, the company at once replied that the matter would be attended to so soon as its adjusting agent, who was then absent, returned. This indicated to the assured that an adjuster would come upon the grounds to satisfy himself of the loss, etc. So the plaintiff waited until May, nearly two months, when he again wrote the company. To this it replied as follows:

> "State Insurance Co., Des Moines, Ia. }
> "Home Office, May 29, 1886. {

"T. G. Okey, Humansville, Mo.,—

"Dear Sir: Your favor of the fifteenth inst. has been received and noted. The papers in your case have been in the hands of our adjuster for a long time, but he has had so much to do that he has not been able to reach you. There is no intentional delay in this matter, we assure you, as we are as anxious to have the matter receive attention as any one.

"Yours truly,

"J. C. CUMMINS, Sec'y."

The time for making the preliminary proofs of loss was then about to expire. No intimation is made in this letter that they were required, but the whole tenor of the letter was such as to create the impression that the only obstacle in the way of an immediate adjustment was the other pressing engagements of the adjuster, and that he would come upon the ground and adjust the loss. Within three weeks thereafter the adjusting agent did come, and make the investigation. The sixty days for making the proofs had then expired. The plaintiff testified that the agent made no demand of proofs. He inquired into the origin of the fire, and "made some estimates on the building, and asked me (the plaintiff) about the cost of evaporator, and said he had no doubt it was an honest loss, and said he would give me a sight draft on the company for three hundred dollars, if I would settle." In the next interview plaintiff offered to accept three hundred and fifty dollars. "When he came he said nothing about making a sworn statement of the loss, but when he went away he said I would have to make an affidavit before a justice of the peace, and have to sign some papers before it could be settled." The plaintiff further testified that, at this conversation, he advised the agent of the fact that his policy of insurance had been deposited with a neighbor for safe keeping, who had it locked up, and was then in the state of Texas. The agent thereupon told him they could settle without the policy if plaintiff would sign some papers before a justice of the peace. The agent offered three hundred dollars, and they disagreed only as to the additional fifty dollars demanded by the plaintiff. From this it is plain that the only matter at issue between the parties was as to the value of the property lost. There was no question as to the thing destroyed, of the fact or integrity of the loss. We do not say that these facts, separately considered, would constitute such a waiver as that the court might, as matter of law, declare them such, but they certainly were, under the authority of *Noonan v.*

*Ins. Co.*, 21 Mo. 90, sufficient to warrant the submission
of them to the opinion of the jury. In *Rathbone v. Ins.
Co.*, 31 Conn. 193, it was held that where the general agent of the insurance company, acting in the
matter of the particular loss, stated to the assured that it
was only the quantity and value of the property destroyed
the company disputed, it was held, not only that the
evidence was admissible, but that it was important, as
going to prove a waiver by the company of all defects in
the proofs.   There is in the character of the property in
question a special reason why the company was not insisting on the presentation by plaintiff of a particular
account of the loss.   The property consisted of a single
frame house, valued at only one hundred dollars, and
one evaporator therein.   This was all the policy called
for.   When the adjusting agent was going on the ground
why require a statement of the loss?   He could see it;
and being on the ground he could satisfy himself in the
neighborhood of the circumstances of the fire.   When,
after the prescribed time for furnishing proofs had
passed, as from the very inception of the claim, the defendant was treating with the plaintiff merely as to the
value of the property, never intimating the necessity or
expectation of any formal proofs of the loss, had the
plaintiff, on the day of the offer of the three hundred
dollars in settlement, sued the company, would it not
savor somewhat of "sticking to the letter that killeth"
to permit the company to fall back on the absence of the
formal proofs of loss called for in the policy?   And if, as a
matter of law and fact, the company had then waived
the right to invoke the condition it was gone forever.
A right of this character once waived can never be revived
without the consent of the other party.   It is true the
agent testified that, in a few days thereafter, he sent the
plaintiff a letter in which he proposed to replace the
evaporator with a second-hand one, or to allow seventy
dollars therefor, and the value of the house.   But plaintiff says he never received any such letter, and there is
no proof that he did.   Then, in a letter written by this

agent in August following, he for the first time gave out any intimation of a purpose to require proofs of loss, and then only as a threat to compel compliance on plaintiff's part with his terms of settlement. It was for the jury to say, from all these facts and circumstances, whether or not the defendant did not intentionally waive its right to insist upon the preliminary proofs of loss. This issue was sharply, and with unusual perspicuity, put to the jury by the instructions of the court. We are concluded by their verdict.

IV. There was question made at the trial as to whether this action was brought within six months after the loss occurred, as required by the terms of the policy. It has not been pressed on this appeal; and we do not discover that it · has any basis of fact to rest upon.

The other judges concurring, the judgment of the circuit court is affirmed.