CHARLES TRAVIS, Appellant, v. THE CONTINENTAL INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, July 2, 1888. *

1.  Insurance : OWNERSHIP : INSURABLE INTEREST IN PROPERTY. The fact that the title of the insured to the property insured by him, is defective, or even invalid, will not deprive him of his insurable interest therein, if he is in possession and use thereof under a *bona-fide* claim of title—legal or equitable.

2.  ——: HOLDING PROPERTY INSURED AS TRUSTEE : CASE ADJUDGED. If the verbal gift by the wife to the husband, in this case, was invalid, the husband held the property as the wife's trustee ; and a trustee, having no personal interest in the property, may procure an insurance on it.

3.  Practice : EVIDENCE : WHAT WAS SUFFICIENT UNDER PLEADINGS : CASE ADJUDGED. Where the defendant, in its answer, in this case, admitted the insurance and assignment of the policy, as alleged in the petition, and so far as concerns the terms of the policy set up only the defense that the plaintiff had not furnished the proofs of loss, or the certificate of a notary as required by those terms, it was sufficient for the plaintiff to read in evidence those clauses of the policy bearing on the defense thus set up by the defendant.

* NOTE :—This opinion was not delivered to me by the clerk until December 4, 1888.—*Reporter.*

4. **Insurance** : PROOFS OF LOSS : NOTARY OR MAGISTRATE'S CERTIFI-
CATE : RULE CONCERNING : CASE ADJUDGED. In the case of proofs
of loss, under an insurance policy, the general rule is this : If the
magistrate's or notary's certificate is defective, in form or in sub-
stance, the insurer must seasonably object thereto, specifically des-
ignating the grounds of objection, or the defects will be treated as
waived. *Held* that, in this case, such objections as were not
specified must be deemed waived.

*Appeal from Daviess Circuit Court.*—HON. C. H. S.
GOODMAN, Judge.

REVERSED AND REMANDED.

Statement of case by the court.

This was an action on a certain policy of insurance,
issued on a certain stock of groceries to the firm of I. B.
Gurney & Co. The petition averred that the policy had
been duly transferred to plaintiff with the consent of the
defendant, and that thereafter the goods were destroyed
by fire ; "that forthwith after such loss and destruction
he (plaintiff) gave written notice of such loss to the
defendant and as soon afterwards as practicable ren-
dered a particular account in writing of said loss ; that
soon after, to-wit, on the thirteenth day of April, 1885,
plaintiff procured and forwarded by mail to the defend-
ant a certificate under the hand and seal of J. S. Stevens,
a notary public nearest to the place of the fire which
destroyed said property, which said notary public was
not concerned in said loss as a creditor or otherwise,
nor related to the plaintiff nor I. B. Gurney & Co., or
either of them, which certificate set forth that said
notary had examined the circumstances attending said
loss ; that he knew the character and circumstances of
the assured, Charles Travis, and that he verily believed
that the assured, the plaintiff, had without fraud, sus-
tained loss on the property insured, to the amount of
thirteen hundred dollars ;" that the value of the goods
destroyed was thirteen hundred dollars, and prayed
judgment for that amount.

The defendant in its amended answer admitted "that

it did, by its agent, G. A. Chapman, issue policy of insurance number 138 to the firm of I. B. Gurney & Co., and that said policy was, with its consent, assigned to plaintiff, but charges that such assignment was obtained by fraud, and that the goods mentioned therein were never in good faith sold by I. B. Gurney & Co. to the plaintiff, and that plaintiff does not now nor never did own said goods ; " and denied " that plaintiff ever furnished or presented to defendant or any of its agents, any proof of loss, particular account of loss, or affidavit, as required by the terms of said policy," or " that plaintiff ever procured or forwarded to it a certificate of J. S. Stevens, notary public, as set out in said petition," and denied each and every allegation of plaintiff's petition, not thereinbefore admitted.

The reply was a general denial of the new matter set up in the answer.

As to the ownership of the goods included in the policy the plaintiff in effect testified, that his wife sold certain real estate belonging to her to I. B. Gurney & Co., taking said goods in part payment, and that she turned the goods over to him, giving them to him. There was no evidence as to whether the real estate was the legal or separate estate of the wife. The plaintiff also testified that the gift by his wife was verbal, without writing of any kind.

On the trial the plaintiff read in evidence the ninth clause of the policy of insurance, which clause, among other things, contained the following with regard to proofs of loss : " And shall also produce a certificate under the hand and seal of a magistrate or notary public (nearest to the place of fire, not concerned in the loss as a creditor or otherwise, nor related to the assured), stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has without fraud sustained loss on the property insured to the amount which such magistrate or notary public shall certify."

To show compliance with such requirement of the policy the plaintiff offered in evidence the following certificate appended to plaintiff's proofs of loss, which were sent to the defendant: "I, J. S. Stevens, the nearest notary public to the place of the fire, and not concerned in the loss as creditor or otherwise, nor related to the assured, do hereby certify that I examined under oath witnesses having knowledge as to the circumstances of the loss and attending the loss; know the character and circumstances of the assured, and verily believe from the evidence that the assured has without fraud sustained loss on the property insured to the amount of thirteen hundred dollars. Given under my hand and seal this thirteenth day of April, 1885. (Seal.) Jno. S. Stevens, notary public."

The above certificate was appended to the notice and proofs of loss and were all forwarded to the defendant, and on April 29, 1885, J. D. Fleming, defendant's agent, wrote to the plaintiff the following letter: "Kansas City, Mo., April 29, 1885. Charles Travis, Winston, Mo.: Dear sir:—I am to-day in receipt from this company of papers purporting to be proofs of loss or a particular account of loss sustained by you to the property described in policy number 138 which you state is held by you. I have not had time as yet to examine papers thoroughly; but in reading them over I noticed that as particular account of loss as required by the policy of insurance referred to above they are incomplete and defective in the following parts, to-wit: First, you did not state whether all or only a part of the merchandise was destroyed by the fire on March 27, 1885. Second, you did not state how much, if any, of said merchandise was saved. Third, you did not state the amount of your claim against this company, nor do you show upon what items your claim is made; whether upon merchandise, furniture and fixtures, etc.. Fourth, the notary public does not give his certificate in these papers to the amount of loss as you claim to have sustained; in other words, there is a difference between the amount of loss you claim to have sustained, and the

amount of loss certified to by the notary public, which do not harmonize. Please complete these papers or not as you choose, but in any event the papers will not be accepted as a particular account of loss until complete. Yours truly, J. D. Fleming, State Agent."

On April 30, 1885, the notary Stevens who had made the certificate wrote the following letter to defendant's agent Fleming: "Winston, Mo., April 30, 1885. J. D. Fleming, Kansas City, Mo. : Dear Sir :—Yours of yesterday at hand. If you have not already observed the unusual phraseology of my certificate please do so and you will see that from the evidence produced it is my opinion, etc. I do not venture an individual opinion on the subject, but placed the parties under oath, interrogated them, and then certified, and refused to certify otherwise. I know nothing of the origin of the fire other than disclosed by the evidence. As an individual and official opinion I think it would be prudent for the company to investigate further before payment, as the evidence before me was solely from parties at interest. Very truly, etc., J. S. Stevens."

On May 25, 1885, the plaintiff sent a second account of his loss to the defendant, and on June 2, following, said Fleming wrote to Mr. E. J. Smith, then acting as attorney for the plaintiff, the following letter : "Continental Insurance Company, Western Department, Chicago, Ill., J. D. Fleming, State Agent, Kansas City, Mo., June 2, 1885. E. J. Smith, Attorney, Cameron, Mo. : Dear Sir :—Your favor of 26th ult. with inclosure as stated came to hand this morning ; the supplementary particular account of loss substantially complies with our request to complete the papers previously submitted as embodied in our letter of 29th ult., in our first, second and third particular objections. In the fourth particular objection as shown in our letter of 29th you have failed to comply. The policy provides that the assured give the certificate of the next notary public, magistrate or commissioner of deeds, to the place of the fire, that he has examined the cause and

circumstances of the fire and that he verily believes that the assured has without fraud or evil practice sustained a loss to the amount the assured may state; this certificate has never been given, we demanded it in our letter of April 29, and we again demand it now; and shall insist upon the literal compliance with this condition of the policy of insurance.    Yours truly, J. D. Fleming, State Agent."

Under the evidence the court gave an instruction to the jury in the nature of a demurrer to the evidence.

*J. F. Harwood* and *William A. Wood,* for the appellant.

(1) If the notary's certificate is defective in form, or in substance, the insurer must seasonably object thereto, specifically designating the ground of objection, or the defects will be treated as waived. 2 Wood on Ins. [2 Ed.] 963, and cases annotated thereto. Objections to proofs of loss or the notarial certificate accompanying them must be made at the time they are submitted to the company, giving reasonable time for the assured to correct same within the time limited by the policy for the submission of proofs, and must specifically point out the defects complained of in such proofs or certificate. If such objections are not so made they cannot be permitted or entertained on the trial of a suit on the policy; being there made for the first time. 2 Wood on Ins. [2 Ed.] sec. 42, p. 959 *et seq. ; Breckenridge v. Ins. Co.,* 87 Mo. 62 ; *Sims v. Ins. Co.,* 47 Mo. 54 ; *Noonan v. Ins. Co.,* 21 Mo. 81; *Ins. Co. v. Kyle,* 11 Mo. 278 ; *Oregon v. Ins. Co.,* 3 Mo. App. 576 ; *Ice Co. v. Ins. Co.,* 36 Md. 102, s. c., 11 Am. Rep. 469 ; *Lockwood v. Assurance Co.,* 47 Conn. 553; *Bailey v. Ins. Co.,* 56 Me. 474; *McMasters v. Ins. Co.,* 25 Wend. [N. Y.] 375 ; *Castner v. Ins. Co.,* 46 Mich. 15 ; *Turley v. Ins. Co.,* 25 Wend. [N. Y.] 374 ; *Ins. Co. v. Curran,* 8 Kans. 9 ; *Byrne v. Ins. Co.,* 20 Ind. 103. (2) Where the questions of service of proofs of loss and accompanying

certificate of notary or other officer, and a waiver of the defects in them become issues in the trial of a cause, as in the case at bar, it is error for the court to take the case from the jury, even though objection to the introduction of such proofs or certificate in evidence, be sustained. *Bach v. Ins. Co.*, 21 N. W. Rep. 99. (3) It is sufficient if the proofs of loss and certificate of the notary or magistrate conform substantially to the requirements of the policy, and we contend that the certificate in the case at bar is in literal conformity to the demands of the ninth clause of the policy. *Erwin v. Ins. Co.*, 24 Mo. App. 145 ; *Willis v. Ins. Co.*, 79 N. C. 285 ; Wood on Ins. [1 Ed.] 709 ; *Turley v. Ins. Co.*, 25 Wend. [N. Y.] 574.

*Gates & Wallace, W. D. Hamilton* and *Scarritt & Scarritt*, for the respondent.

(1) The making out and submission of proper proofs, including the production of the certificate of a magistrate or notary public, as required by the policy, is a condition precedent to the plaintiff's right of action against the insurance company. *Ledbetter v. Ins. Co.*, 13 Me. 265 ; *Johnson v. Ins. Co.*, 112 Mass. 49 ; *Inman v. Ins. Co.*, 12 Wend. 452 ; *Campbell v. Ins. Co.*, 10 Allen, 218 ; *Irving v. Ins. Co.*, 1. Bosw. [N. Y.] 507. (2) It is for the court to determine the sufficiency of such certificate. *Ins. Co. v. Sennett*, 41 Pa. St. 161 ; *Ins. Co. v. Doll*, 35 Md. 89 ; *Gauche v. Ins. Co.*, 10 Fed. Rep. 354. (3) The certificate must conform literally to the requirements of the policy. This certificate does not so comply and was properly excluded from the consideration of the jury. *Daws v. Ins. Co.*, 7 Cowen [N. Y.] 465 ; *Noonan v. Ins. Co.*, 21 Mo. 81 ; *Ins. Co. v. Lawrence*, 2 Peters [U. S.] 25 ; *Johnson v. Ins. Co.*, supra ; *Gauche v. Ins. Co.*, supra ; *Raumagens v. Ins. Co.*, 1 Green [N. J.] 100 ; *Ins. Co. v. Pierson*, 5 Ind. 417 ; *Cornell v. Ins. Co.*, 3 Martin [N. S.] 223. (4) No waiver of any condition was pleaded in this case ; and besides the undisputed testimony introduced

by the plaintiff himself, upon the question as to whether or not the company had waived the right to require the certificate stipulated for in the policy, shows that there was no waiver, but on the contrary, a demand for such certificate. The court, therefore, was right in not submitting to the jury the question as to whether or not there had been such a waiver. *Smith v. Ins. Co.,* 21 N. W. Rep. [Iowa] 145 ; *Johnson v. Ins. Co., supra ; Ins. Co. v. Lawrence,* 10 Peters, 514; *Erwin v. Ins. Co.,* 24 Mo. App. 152 ; *Gauche v. Ins. Co.,* 10 Fed. Rep. 353. (5) But to constitute a waiver of any defects in the proofs, the plaintiff must show affirmatively that the defendant did some act, or omitted to perform some duty, that caused the plaintiff to alter or change his position or course to his own injury, and that such defects could have been remedied by him. *Edwards v. Ins. Co.,* 3 Gill, 185 ; *Colonius v. Ins. Co.,* 3 Mo. App. 56 ; *Beatty v. Ins. Co.,* 66 Penn. 9 ; *Ins. Co. v. Doll, supra.* (6) The testimony of plaintiff himself shows that the property which was burned, and for which this suit was brought, did not belong to him, but belonged to his wife. The plaintiff, therefore, was not entitled to recover in this case. R. S., 1879, p. 560, sec. 3296 ; Sess. Acts, 1883, p. 113 ; *Rodgers v. Bank,* 69 Mo. 560 ; *Richardson v. Lowry,* 67 Mo. 411 ; *Martin v. Colburn* 88 Mo. 229 ; *Rieper v. Rieper,* 79 Mo. 352 ; *Blair v. Railroad,* 89 Mo. 391, 392. (7) The instruction, in the nature of a demurrer to plaintiff's evidence, asked by defendant, was properly given by the court on the additional ground that plaintiff had not introduced in evidence, nor offered in evidence, the policy or contract, on which he sued. And the presumption of law is that the introduction of the policy would have defeated, or weakened, the plaintiff's claim. *Bent v. Lewis,* 88 Mo. 462 ; *County v. Railroad,* 58 Mo. 372.

HALL, J.—I.   In support of the action of the circuit court, in sustaining a demurrer to the evidence, the defendant's counsel suggest that under his own testimony the plaintiff did not have an insurable interest in

the property covered by the policy. They contend that the property was, under our statute, the property of the plaintiff's wife, in which he had no interest whatever. Their position is that, since the property was obtained by the wife in exchange for her real estate, it became her separate property under section 3296, Revised Statutes, and that the verbal gift of it to him by her under that statute was null and void, and that the property remained hers.

It may be conceded that the property was the wife's separate property and that the verbal gift of it by his wife to the plaintiff was invalid, but it does not follow that the plaintiff had not an insurable interest in it. The plaintiff had possession of the property claiming it as his own by virtue of a transfer of it from his wife; if this claim was made in good faith by plaintiff he had an insurable interest in the property. The fact "that the title of the insured to the property is defective, or invalid even, will not deprive him of his insurable interest therein, *if he is in possession and use thereof* under a *bona-fide* claim of title, legal or equitable." Wood on Fire Ins. 503. Again, if the verbal gift by the wife was invalid, the husband held the property as the wife's trustee; and a trustee having no personal interest in the property may procure an insurance on it. Wood on Fire Ins. 529 ; *Ins. Co. v. Chase,* 5 Wall. 513.

The defendant's counsel also contend that the court properly sustained the demurrer to the evidence for the reason that the plaintiff did not introduce in evidence the entire policy of insurance, but only introduced the ninth and eleventh clauses of the policy.

It will be observed from the statement of the facts that the defendant in its answer admitted the issuance and assignment of the policy as alleged in the petition, and so far as concerns the terms of the policy set up only the defense that the plaintiff had not furnished the proofs of loss or the certificate of a notary as required by those terms. Under such circumstances we think that it was sufficient for the plaintiff to read in evidence

those clauses of the policy bearing on the defense thus set up by the defendant. If the remainder of the policy was material to the defense the defendant should have offered it. The presumption to be made from the failure of the defendant to make such offer is that the remainder of the policy was immaterial to its defense.

The defendant's counsel make another point which we desire to dispose of before considering the principal question in this case. That point is that, because the plaintiff alleges, and relies in his petition for a recovery on, a compliance with the terms of the policy in furnishing the defendant with a certificate of a notary public, he could not at the trial prove, and recover on, a waiver by the defendant of such certificate.

This point must be decided against the defendant on the authority of *St. Louis Ins. Co. v. Kyle*, 11 Mo. 291. In the case at bar the plaintiff did furnish the defendant with a certificate of a notary public, and the plaintiff introduced the certificate in proof, of the allegation of the petition that such a certificate as was required by the policy had been furnished to the defendant; upon the defendant objecting to the form of the certificate in certain respects, the plaintiff offered evidence to show that the defendant had waived the objections then made by it. Such evidence was admissible to prove that in fact the plaintiff had complied with the policy alleged in the petition—strictly speaking the evidence of performance and not of waiver. *Id. ; Russell & Co. v. Ins. Co.*, 55 Mo. 593 ; *Okey v. Ins. Co.*, 29 Mo. App. 105.

The real question in this case is, was there any evidence on which the court could have properly submitted the question of waiver to the jury?

The principal objections made to the notary's certificate are : That the policy requires the certificate to state that the notary has examined the circumstances attending the fire, while the certificate states that he examined under oath witnesses having knowledge as to the circumstances of the loss; and that the policy requires the certificate to state that the notary "verily

believes that the assured has, without fraud, sustained loss," etc., while the certificate states that he "verily believes, *from the evidence*, that the assured has, without fraud," etc.

On April 30, 1885, the notary, who made the certificate, wrote a letter to defendant's agent at Kansas City calling his attention to the peculiar phraseology of the certificate, explaining that in it he refrained from venturing his individual opinion on the subject and only gave an opinion produced by the evidence, and suggesting that it would be prudent for the defendant to investigate further before payment, as the evidence before him was solely from parties in interest. This letter explaining the notary's certificate plainly furnishes ground and reason for the objections made by the defendant, at the trial and here, to the certificate. But on April 29, 1885, the defendant's agent, to whom the notary's letter was addressed, wrote to the plaintiff concerning the proofs of loss sent by him, and to which the certificate was attached, making four objections in all, three to the proofs of loss and one to the certificate.

The objection to the certificate was as follows: "The notary public does not give his certificate in these papers to the amount of loss as you claim to have sustained, in other words, there is a difference between the amount of loss you claim to have sustained and the amount of loss certified to by the notary public, which do not harmonize." The agent suggested that the plaintiff complete the papers in the light of the objections made ; the words were : "Please complete these papers or not as you choose, but in any event the papers will not be accepted as a particular account of loss until completed." Had the matter stopped there ; had nothing more occurred between the defendant and the plaintiff in relation to the certificate, it is too plain for argument that the defendant would have been confined to the single objection made by its agent to the certificate. Having pointed out a particular objection to the certificate, the defendant would have been presumed to have accepted it subject only to that objection.

The objection made was without merit. The policy required the notary public to certify "that he verily believes that the assured has, without fraud, sustained loss on the property *to the amount which such*  \*  \*  \* *notary public shall certify*," *not to the amount the assured may claim.*    On May 26, 1885, the plaintiff, by his attorney, sent to the defendant's agent, to whom the original proofs of loss were sent, a "supplementary particular account of loss."    On June 2, 1835, the agent wrote to plaintiff's attorney, in which he stated that the supplementary account of loss substantially complied with the requirements of his previous letter, as to the first, second and third particular objections, and added : "In the fourth particular objection, as shown in our letter of 29th, you have failed to comply."    Had the letter stopped here it would have been simply a renewal or repetition of the former objection.    But it did not stop here and the question is, from what the letter continuing said, was the court right in saying that the original objection was not only renewed, but that the objections made at the trial to the certificate were presented ?    The letter continuing said : "The policy provides that the assured give the certificate of the next notary public, magistrate or commissioner of deeds, to the place of the fire, that he has examined the cause and circumstances of the fire and that he verily believes that the assured has, without fraud or evil practice, sustained a loss to the amount the assured may state ; this certificate has never been given, we demanded it in our letter of April 29, and we again demand it now ; and shall insist upon the literal compliance with this condition of the policy of insurance."

The general rule is : "If the magistrate's certificate is defective in form, or in substance, the insurer must seasonably object thereto, specifically designating the ground of objection, or the defects will be treated as waived."    Wood on Fire Ins. p. 714, sec. 416, and cases

cited.    The only specific objection contained in the let-
ter of the agent of June 2 is the original objection, and
in accordance with the general rule all other objections
must be deemed waived.    But, if the agent, in his last
letter, by referring in general terms to the requirements
of the policy as to the substance of the certificate, and
by stating that he should insist upon the literal compli-
ance with this condition of the policy, can be deemed to
have intended to make a general objection to the certifi-
cate, we do not think, without regard to the rule ignor-
ing general objections, that the general objection should
be noticed in this case, under the facts.    The agent had
made a specific objection in a former letter; he refers
the plaintiff to that objection ; he then, in general terms,
but incorrectly, so states the terms of the policy as to
require what was formerly required by him ; he then
states that he demands the certificate required by the
policy, adding, " we demanded it in our letter of April
29, and we again demand it now."    Bearing in mind
that the agent, long before writing this last letter, had
received the notary's letter and that on it the objections
now urged were based, if they were really referred to at
all in the last letter, would it be fair to permit a general
objection contained in the concluding clause of the letter,
in these words, "and shall insist upon the literal com-
pliance with this condition of the policy of insurance,"
to refer to anything but the original particular objection
already three times referred to?    We think not.    If the
agent intended to make the objections suggested by the
notary, he should have specified them ; not having
done so, they must be deemed waived.

Judgment    reversed    and    cause    remanded.    All
concur.