CHARLES TRAVIS, Respondent, v. THE CONTINENTAL
INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 18, 1892.

1. **Insurance**: HUSBAND AND WIFE: VOID AGREEMENT : OWNER OF
GOODS.   Notwithstanding a parol agreement between husband
and wife whereby the wife turned over to the husband certain
goods of her separate estate to be his own is void, yet, if the husband in pursuance thereof on good faith entered into the possession
of the property as owner and insured them, then he was the sole and
absolute owner of such property within the meaning of the policy.

2. **Appellate Practice** : ABSTRACT OMITTING INSTRUCTION: NO REVIEW
RULE INFLEXIBLE.   The appellate court will not examine refused
instructions, when the abstract omits to set out the instructions
given for the appellant.   This rule is inflexible and a departure
therefrom cannot be tolerated.

3. **Evidence** : OPINION OF NON-EXPERT : CUMULATIVE.   The plaintiff in this case was not qualified to give an opinion as to the value
of the goods burned, and his testimony was improper ; but it was
only cumulative, as other qualified witnesses testified to their
value.

4. ———— : REFUSED ON CROSS-EXAMINATION : ADMITTED ON REDIRECT.
Though proper testimony is refused admission on cross-examination, yet, if the fact thereby elicited comes out to the jury on
redirect examination, the adverse ruling cannot be said to prejudice the appellant.

*Appeal from the Livingston Circuit Court.*—HON. J. M.
DAVIS, Judge.

AFFIRMED.

*Scarritt & Scarritt,* for appellant.

(1) The court committed error in ruling upon the
introduction of evidence as follows: In permitting,
*first,* plaintiff to testify to the value of the goods ;
*second,* in not requiring plaintiff to answer: "*Q.* Were

you ever indicted in Daviess county for hog-stealing?" "Q. Were you ever charged (before a court) with hog-stealing in Daviess county?" This was error. (2) One of the principal questions in this case is, was the plaintiff "the absolute, unconditional and sole owner" of the property destroyed? We contend that these instructions do not present the law, as applicable to such a theory. Under such a theory, the instructions should have stated that the wife's consent to the husband's use and disposition of the property must have been in writing; otherwise he acquired no title or right of possession thereto. 1 R. S. 1879, sec. 3296, p. 560; Sess. Acts, 1883, p. 113; *Rogers v. Bank,* 69 Mo. 560; *Richardson v. Lowry,* 67 Mo. 411; *Martin v. Colburn,* 88 Mo. 229; *Rieper v. Rieper,* 79 Mo. 352; *Blair v. Railroad,* 89 Mo. 391, 392; *Barnard v. Ins. Co.,* 27 Mo. App. 26; *Ruthmiller v. Fire Ass'n,* 20 Mo. App. 246; *Broughton v. Brand,* 94 Mo. 169; *Gilliam v. Gilliam,* 96 Mo. 522; *Hart v. Leete,* 104 Mo. 315–335.

*Johnson & Wait* and *J. F. Harwood,* for respondent.

(1) Plaintiff had just bought this property and paid $1,300 on it. He was in possession of it and had a right to give his opinion of its value. But it is not true that he had no other evidence of its value. (2) The plaintiff did explain all about being indicted, arrested, tried and acquitted, so that the defendant had the benefit of all it was worth. (3) Respondent next complains that the ownership of the goods destroyed was a vital question, and that the jury were improperly instructed, because there was no writing between plaintiff and his wife as to the goods. That question was settled in *Travis v. Ins. Co.,* 33 Mo. App. 198. (4) This court will not examine the instructions refused on part of the appellant, for the reason that the appellant has failed to set out in its abstract the instructions given in its behalf. *Hyatt v. Wolfe,* 22 Mo. App. 191; *Goodson v. Railroad,* 23 Mo. App. 76.

SMITH, P. J.—This case was here on a former occasion (32 Mo. App. 198) when the judgment, which was for the defendant, was reversed and the cause remanded. There has since then been another trial of the cause in the circuit court, which resulted in a judgment for the plaintiff, and from which the defendant has appealed. By reference to this case in 32 Mo. App., *supra*, we find that the evidence there stated is not materially different from that contained in the record before us, so that that statement of it. will be found sufficient for a full understanding of the rulings we shall presently make.

I.   The appealing defendant contends that the trial court committed reversible error by instructing the jury, at the instance of the plaintiff, to the effect that if it was verbally agreed between plaintiff and his wife that the plaintiff might trade the Plattonsburg property for the goods in question and might have them as his own, and that such trade was so made, and that the plaintiff pursuant thereto in good faith entered into the possession of the goods as owner, the finding should be that the plaintiff was the absolute owner of the goods within the meaning of the policy.   The specific ground of error assigned is that the theory of this instruction was wrong in not declaring that the wife's consent to the husband's use and disposition of the property must have been in writing, otherwise he acquired no title or right of possession thereto.   This identical and precise question was fully and fairly presented and decided by this court on the former appeal, as will appear by reference to the opinion of the court then delivered.   It was conceded in the opinion that under the married woman's act of 1883, and the decisions of the appellate courts of this state construing and applying that act, the agreement, under which plaintiff was using and disposing of the property at the time of its destruction by fire, was void.

All of the cases cited, which have been reported since the first decision in this case but reaffirm the decisions that had been rendered prior to it. These latter decisions announce no rule as to the rights of married women respecting their property differing from that in the cases which had been previously decided: In the previous opinion it was held that, notwithstanding the agreement made between plaintiff and his wife was void, yet if the plaintiff in pursuance thereof in good faith entered into the possession of the property as owner, then he was the sole and absolute owner of such property within the meaning of the policy. This theory was embraced in the instruction complained of. We have examined the authorities cited and relied on in the former opinion and find they support the statement of the law then made. Nor have we after very considerable research been able to find the law to have been anywhere differently stated. The nearest approach to it is the case of *Agricultural Ins. Co. v. Montague*, 38 Mich. 548. Under the statute of Michigan the husband occupies, in respect to the wife's separate personal property, a relation analogous to that of a stranger. The case just cited was where a husband had insured in his own name certain silverware which was the property of the wife. In an action by him on the policy it was held that he had no insurable interest in the property covered by it and could not recover. A critical examination of the report of the case fails to show that the husband was in possession or enjoyment of the use of the silverware under a *bona fide* claim of title, legal or equitable, or that he had an insurable interest of any kind in the property. And for this reason we think that case is distinguishable from this, and is not an adverse authority. We shall, therefore, adhere to the ruling made in the former appeal.

II. Defendant further complains of the action of the court below in refusing certain instructions, nine in number, asked by it, which are copied into its abstract.

But these we will not examine for the reason that it appears from the abstract that the court gave nine other instructions asked by defendant, none of which are set forth in the abstract, so that it is utterly impossible for us to tell whether or not the court erred in refusing them. Where a judgment is assailed on account of the action of a trial court in giving or refusing instructions, the abstract of the record must present all of the instructions given and refused. This is an inflexible rule of practice, a departure from which cannot be tolerated in any case. An instruction correct in its statement of a rule of law is oftentimes refused for the reason that it is the repetition of another given. If the refused instruction in such case were presented to the revisory court without the counterpart of it which was given, the judgment would have to be reversed for the apparent error. This illustrates the necessity for a rigid adherence to the rule already adverted to. The defendant, by its omitting all the instructions from the abstract, is precluded from complaining of the action of the trial court in the matter of refusing instructions.

III. The plaintiff while on the witness stand was asked by his counsel what was the value of the stock of goods at the time it burned. Over the objections of the defendant he was permitted to answer the question. It appeared that the plaintiff had been engaged in farming and had no experience in buying or selling goods of any kind and was not qualified to answer the question. It is true that he had valued the goods at $1,200 in the trade for them. His qualification was not such as justified the court in allowing him to express an opinion upon the value of the goods. But there were other witnesses as to whose qualification and competency there was no question, who testified as to the value of the goods. The testimony of plaintiff, though improper, was only cumulative.

IV. The abstract shows that defendant's counsel asked plaintiff on cross-examination whether he had

ever been indicted in Daviess county for hog-stealing. The court refused to allow the plaintiff to answer the question. Afterwards, as it appears by the counter abstract of defendant, plaintiff was, in answer to questions propounded by his counsel, permitted to state that he had been twice indicted, not in Daviess county, but in DeKalb county. In one case, it may be inferred, for hog-stealing, and in the other for assault; in one case it, he stated, was thrown out of court, and in the other he was tried and acquitted. While it was perhaps not permissible to inquire of the plaintiff in the course of his cross-examination as a witness whether he had been indicted for the crime of hog-stealing, for the purpose of discrediting him, the record being the best evidence of that fact ( *State v. Howard*, 102 Mo. 142 ); but whether this is so or not, the witness in effect in a subsequent re-examination in answering the questions of his own counsel answered that which had been previously asked by defendant's counsel. The defendant finally got before the jury the discrediting admission elicited by his question, so that it was not perceived in any event that the adverse ruling of the court operated to his prejudice.

The judgment will be affirmed. All concur.