T. B. KERCHEVAL, Appellant, v. JAS. KING et al., Respondents.

*Practice, Civil —Pleadings—Contracts —Consideration —Averments —What omissions cured by verdict.*— If the record in a suit is radically defective—as, if it shows that there was no obligation, no legal indebtedness, or that the judgment was rendered on a *nudum pactum* — the error may be taken advan-

tage of afterward. But the mere omission to set out a fact as the considera-
tion, or the whole consideration, on account of which omission a demurrer
could have been maintained, or any fact that must have been found by the
jury, is cured by the verdict.

2. *Practice, Civil — Pleadings — Contract — Consideration — Averments.*—In
a suit upon a contract, where the main object of the contract was the sale of
certain property of plaintiff to defendant, and, as a consideration for the sale,
defendant made sundry independent agreements, an action would lie for a
violation of one of defendant's agreements without setting up the other; but
the provision concerning the sale should be set out in either case.

### *Appeal from Fifth District Court.*

*Vories*, and *Woodson & Jones*, for appellan

If enough of the contract is set forth to show the obligation
of defendant and the breach complained of, this is sufficient, and
will work no surprise on the party. (Little v. Mercer, 9 Mo.
218; 4 Mo. 32; 2 Mo. 39; 10 Mo. 515; 1 Chit. Pl. 307;
Gould's Pl. 165, § 19; Alvord v. Smith *et al.*, 5 Pick. 232;
Ferguson v. Harwood, 7 Cranch, 408; Briggs v. Murdock, 13
Pick. 306; 4 Cow. 440; 6 East. 564; 8 East. 7.)

*Hall & Oliver*, and *Bassett & Van Waters*, for respondents.

I. There is no consideration stated for defendant's promise to
plaintiff. (Frazier v. Roberts, 32 Mo. 457; State v. Matson
*et al.*, 38 Mo. 491; 40 Mo. 182; 37 Mo. 34; Han. & St. Jo.
R.R. Co. v. Mahoney, 42 Mo. 470.)

II. The agreement between Kercheval and Fouts, received in
evidence, was improperly received. (1 Greenl. Ev. §§ 662;
3 U. S. Dig. 144, § 179; 1 Chit. Pl. 299; Swan's Pr. & Pl.
206–9; 35 Mo. 528; 20 Mo. 229; 22 Mo. 27; 19 Mo. 290;
37 Mo. 307.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff filed in the Buchanan Court of Common Pleas a
petition against defendants, setting forth that on the 25th of
March, 1865, he entered into a written contract with Russel &
Fouts for transportation and delivery to them at Virginia City,
Montana Territory, of 80,000 pounds of freight at ten cents

Kercheval v. King et al.

per pound in clean gold dust; that afterward, on the 11th of August, 1865, he entered into a contract in writing with defendants, by which they agreed to pay him for his freight trains, cattle, etc., mentioned in the agreement, and further, to assume for plaintiff his contract with said defendants and Fouts, and perform all its conditions, on certain conditions, to-wit: should the freight mentioned in said contract be delivered at Fort Benton before September 15, 1865, defendants should receive seven cents per pound in clean gold dust, etc.; but if delivered between September 15 and October 15, 1865, they were to receive eight cents. The contract further provided that defendants were to collect all charges against Fouts & Russel, and, after deducting what was due them, to place the balance to plaintiff's credit. The petition avers performance by the plaintiff of all the conditions of the contract, and charges that defendants collected of said Fouts & Russel $8,000 in clean gold dust, and placed no part of it to the credit of the plaintiff, and have never paid him any part of it, although $1,600 of it, worth $2,000, belonged to him, for which he asks judgment. The petition is of much greater length, though the foregoing is the substance of all its averments except one or two immaterial ones. The contract between plaintiff and defendants was filed with the petition, though the contract between plaintiff and Fouts & Russel was not filed, for the reason, as alleged, that it was surrendered to defendants.

The defendants admit the contract between them and the plaintiff, but deny that its conditions were fulfilled by him; admit the contract between plaintiff and Fouts & Russel; admit that they paid him nothing, and deny that they collected anything on it; aver that the freight mentioned in it was not delivered to them for transportation until after the 15th of October, when they transported it to Fouts & Russel, although they were at Fort Benton with their teams, and waited a long time to receive it, and they claim damages for the delay. The defendants also set up a part of the contract, merely alluded to but not described in the petition, by which the plaintiff sold them his freight trains, cattle, etc., and aver that a portion of the property was not delivered, and claim damages in consequence.

The plaintiff, in reply, does not deny the conditions of the contract set up by defendants, but only its breach, and also the delay at Fort Benton. The case went to the jury without objec-jection to the pleadings by demurrer or motion. The testimony of several witnesses on both sides was submitted, and the plaintiff obtained a verdict and judgment for $2,100.

The instructions asked and given on both sides were full, and fairly presented the law of the case. They sustained every posi-tion taken by defendants except one, hereafter to be considered, in relation to the admission of the contract in evidence, and one cutting off the evidence of the market value of gold dust. The jury were expressly charged that they must find that the freight mentioned in the Fouts & Russel contract was at Fort Benton, ready for delivery to the defendants for transportation, before the 15th of October, or they were not liable to the plaintiff for the difference between the eight and ten cents per pound.

The first point made in this court is upon the petition, that it is radically defective in not stating a consideration for defendants' promise, and will not sustain a verdict.

The plaintiff had made a contract with Fouts & Russel for transporting 80,000 pounds of freight at ten cents, and defend-ants agreed to transport the same for eight cents if delivered before a certain time, collect the ten cents, and pay the plaintiff the difference. The objection, if I understand it, is that no con-sideration was set forth for that agreement, and therefore, although no motion was made or demurrer filed, and no objection of any kind taken to it before trial, the judgment should be reversed. Judgments can not be reversed for mere informalities. Rules of pleading are not traps, but safeguards, and their viola-tion should ordinarily be objected to by motion or demurrer before trial upon the merits. It is true, if the record is radically defec-tive — if it shows that there was no obligation, no legal indebt-edness, as that judgment was rendered upon a *nudum pactum* — it is a substantial error. But the mere omission to set out a fact as the consideration, or the whole of the consideration, on account of which omission a demurrer could have been maintained, or any fact that must have been found by a jury, is cured by verdict.

(Gen. Stat. 1865, p. 671, § 19; Jones v. Louderman, 39 Mo. 287; Richardson v. Farmer, 36 Mo. 35.) But it appears from the pleadings that there was a consideration for the promise, though no formal statement of it is made. The pleader does not say that defendants' promise was in consideration of this or that, but it appears that they were to receive seven, eight, or ten cents a pound, according to the time of delivery, for transporting the freight embraced in the contract of plaintiff and Fouts & Russel; that is to say, that plaintiff turned over to them this contract, which called for ten cents, and they agreed to transport the freight, and, if it was delivered before a certain time, to pay him a part of the freight money. All this the petition shows; and if the facts do not import a consideration, it would be difficult to make a valid agreement to underlet a job. But it afterward appears that the moving consideration was not stated at all in the petition— only alluded to — and the defendants, upon the trial, sought to take advantage of the fact by objecting to the introduction of the contract in evidence. Their objection was overruled, and this error is urged as the second ground for reversing the judgment.

By inspecting this contract it seems that the plaintiff agreed to sell to defendants his freight train, cattle, and appurtenances, "in consideration of which" defendants agreed to pay a certain price; "and for further consideration" they agreed to assume the plaintiff's contract with Fouts & Russel upon the terms and conditions heretofore spoken of; "and for further consideration," to do certain freighting, upon certain terms, for the plaintiff directly. Thus it appears that the essence or main object of the contract was the sale of plaintiff's property to defendants. As a consideration for this property, the defendants agreed to do three things: First, to pay money; second, to assume the Fouts & Russel contract; third, to do another job for plaintiff. These three agreements are distinct, and not dependent on each other. One or two of them may be performed and the other violated, and an action would lie for its violation. In such action is there any reason for setting up the other agreements? None whatever. Hence, there is no variance, because they are not

set out in the pleading; they have nothing to do with this case. But that part of the contract providing for the sale of the property has a direct connection with each of the several agreements mentioned as the consideration for such sale. One is the consideration for the other, and should have been so set out in the petition. Not having been so set out, and the objection not having been made before the trial, can it be raised in this way?

To enable us to see the condition of the parties at the time, let us look again to the issues made by the pleadings. The defendants admit the contract between them and the plaintiff, counted upon in the petition, and set it forth with somewhat more particularity than the petition itself; admit that they were to pay plaintiff for his freight train, cattle, and other things mentioned in the agreement; and further, to assume for plaintiff his contract with Fouts & Russel, and perform the conditions thereof, to-wit, etc.; and after admitting and denying other things, aver "that in and by said contract filed with the original petition (the contract in suit), said plaintiff, for good and valuable consideration therein mentioned, agreed to sell and deliver to them (defendants) his freight train, cattle, and all appurtenances, consisting of seventeen wagons and 137 head of oxen, together with wagon-sheets, ox-bows, yoke-chains, new kits, and all the appurtenances in any way belonging to the same," and claim damages for the want of prompt delivery of the property. The plaintiff does not deny this averment in relation to the sale of the property, and therefore admits the same, but does deny any liability for its non-delivery.

Now, I can not see what necessity there was for offering the contract in evidence at all. Every part of it bearing upon the case had been set out by one party or the other, and admitted by the opposite party, and reading it to the court or jury could only be a matter of convenience. By reference to the pleadings, all that was necessary to know of it could be found admitted by both parties; and the defendants could not have been prejudiced by reading it in evidence, for it was before the court, consideration and all, previous to its being so read.

The same remark will apply to the admissibility of the freight contract between the plaintiff and Fouts & Russel, assumed by defendants. It was claimed that it varied from the one named in the petition in this, that the petition stated that the payment for the freight was to be in clean gold dust, while the original contract provided for payment in greenbacks — the agreement to pay in gold dust being indorsed upon it, and signed only by the plaintiff. Defendants now claim that this charge formed no part of the contract, and hence the variance. But when they answered the petition they admitted that it was a part of the contract. They settled with Fouts & Russel according to the terms of the indorsement. It was expressly proved to have been made in the presence of and by agreement of both parties; and from one end of the record to the other, by both plaintiff and defendants, it was treated as a gold-dust contract. It is too late now for the defendants to deny their own express and implied admission during the whole of their transactions with the plaintiff and the whole progress of this cause.

The judgment of the District Court is reversed and that of the Common Pleas affirmed. The other judges concur.