F. C. W. OWEN and A. J. BRANSON, Administrator, Appellants, v. ROBERT S. CRUM, Respondent.

### Kansas City Court of Appeals, January 4, 1886.

PRACTICE—PLEADING—EVIDENCE—INSTRUCTIONS.—Where a petition alleged the execution and *loss* of certain notes, and the answer denied that said notes had ever existed, but did not specifically deny their loss, in terms, even if the answer is insufficient to justify an instruction for the defendant requiring proof by the plaintiff of execution *and* loss, no harm is done the plaintiff if there was no sufficient proof of the execution *or* loss of the notes to authorize a recovery upon them. And although the answer fail to aver a mistake, and this is *shown* by the evidence at the trial, the defective pleading will be sufficient after verdict, the defect will be cured by the statute.

APPEAL from Osage Circuit Court, HON. A. J. SEAY, Judge.

*Affirmed less the remittitur, costs of appeal against defendant.*

The facts sufficiently appear from the opinion of the court.

L. F. PARKER, for the appellants.

I. The petition specifically averred the execution *and* loss of two of the notes sued on. The answer denies the execution of *said* notes, and denies that they were ever in existence, but does not deny that they were lost. When plaintiffs proved their existence at one time, the court erred in requiring them to go further and prove loss, since that was not denied, nor in issue.

II. The pretended counter-claim for overpayment of the notes does not state facts sufficient to constitute a cause of action, and will not support an affirmative judgment. There being no averment of fraud or mistake, the money, if paid, cannot be recovered back. Money voluntarily paid upon a demand, though illegal, if paid

with a knowledge of all the facts, cannot be recovered back, in the absence of duress, fraud, or mistake. *Claflin v. McDonough*, 33 Mo. 412 ; *Wolf v. Marshall*, 52 Mo. 167.

III.   Mrs. Haynes was an incompetent witness.   The facts she testified to were a payment of money to her husband, which was accompanied by a conversation with her husband characterizing it.   Section 4014, Rev. Stat. ; *Moore v. Wingate*, 53 Mo. 398 ; *Holman v. Bacchus*, 73 Mo. 49 ; *Willis v. Gammill*, 67 Mo. 730.

A. Corse, for the respondent.

I.   The defendant denied the execution of the two notes, denied authority to execute, denied ratification, and denied that "lost or destroyed" notes ever existed. If there be no life there can be no death.   The evidence of the execution and loss of these notes was insufficient to go to the jury, and should have been excluded by the court.

II.   The *affidavit* required in presenting claims against the estate of a deceased person is not applicable to the proceedings in the circuit court when an administrator is a party plaintiff.   *Stiles v. Smith*, 55 Mo. 363.

III.   The law never requires an averment in a pleading when its proof is not also required.   Defendant could only prove that he made the overpayments by mistake, thinking at the time that the payments were right.   The evidence tends to show the fact of overpayment.

IV.   The answer might be bad on demurrer, but it is now too late to complain.   Sections 3582, 3583, Rev. Stat. . So as to averment that the overpayments were made by *mistake*, defendant° could not have recovered without showing this.   This is the rule at common law and under the statute.   2 Tidd. Pract. 919, and cases cited ; *Howell v. Reynolds*, 51 Mo. 154 ; *Garth v. Caldwell*, 72 Mo. 629.

V.   The evidence supports the verdict.

VI.   We waive the benefit of Mrs. Haynes' testimony.   '

ELLISON, J.—This action was instituted during the lifetime of David Branson in the circuit court of Maries county, upon seven promissory notes alleged to have been executed by defendant, payable to said Branson, two of which are alleged to have been lost. Pending the suit Branson died, and plaintiffs, his administrators, were duly substituted for him.

The petition was in the usual form. The answer denied the execution of the notes alleged to be lost or destroyed, and denied that such notes ever existed, but admitted the execution of the others.

The defendant then set up separately payment of the five notes admitted, and that in the aggregate he had overpaid plaintiffs the sum of six hundred and sixty dollars, and asks judgment for the amount. Defendant, then, for further answer and cause of action against plaintiffs' intestate, sets up a settlement of partnership with him, wherein he was owing as the result of the settlement, five hundred and eighty dollars.

Defendant, for the purpose of proving payments set up in his answer, offered Mrs. Haynes, a married woman. The plaintiffs objected on "the ground that the facts to which she was called to testify was a conversation, and an act, accompanied by a conversation explaining the act, with her then husband." The court overruled the objection and the witness gave evidence tending to show money paid by defendant for the intestate. The defendant enters in this court a remittitur for one hundred and forty-five dollars, as the amount the judgment was increased by the evidence of this witness. We, therefore, need not consider the propriety of the action of the trial court in admitting the testimony. All of the instructions asked by the plaintiffs and defendant were given, though plaintiffs excepted to those given for defendant.

The points now insisted on for reversal are, that as the petition specifically averred the execution and loss of the notes sued on in the four and five counts, and the answer denied the execution of the notes, denied that

they had ever existed, but did not deny they had been lost; the court should not have given the instruction for defendant requiring proof by plaintiffs of the execution *and* loss of the notes; that standing, as plaintiffs contend, admitted by the answer.

If we admit the answer was not sufficient as a denial of the loss to justify the instruction, no harm was done plaintiffs by it, as there was no sufficient proof of the notes by plaintiffs, which are alleged to be lost. There was no evidence tending to show the date of the notes, or when they were due, or if due at all, nor was there any sufficient evidence as to what interest they drew, or whether from date or maturity, compound or simple. The evidence as preserved in the record was not sufficient to authorize a recovery on them.

The next complaint is, that the answer failed to aver that the overpayments on the notes was by mistake or through the fraud of the intestate. Such objection is too late after verdict. *Kercheval v. King*, 44 Mo. 404; *State ex rel. v. County Court of Sullivan county*, 51 Mo. 522; *Wellshear v. Kelly*, 68 Mo. 343, 351.

The only conclusion from the evidence is that the overpayments were by mistake, and this question was submitted to the jury by instructions. We perceive no error sufficient to justify a reversal, and we will, therefore, affirm the judgment, less the remittitur of one hundred and forty-five dollars, and hereby adjudge the costs of this appeal against the defendant. All concur.