JOHN N. McNEES, Respondent, v. THE SOUTHERN INSURANCE COMPANY OF NEW ORLEANS, Appellant.

### Kansas City Court of Appeals, March 4, 1895.

1. **Arbitration and Award:** OUSTING COURTS. Though parties can not oust courts of their jurisdiction to try causes by providing that all matters pertaining to the causes of action shall be submitted to arbitration, yet it is well established that the amount of loss or damage may be so submitted.

2. ———: CONDITION PRECEDENT: ACTION. If a contract provides that the damage shall be ascertained by arbitration, such provison is a condition precedent to the right to sue. The contract is not to pay what may be established by evidence *aliunde*, but the sum the arbitrators may award. *Cases distinguished.*

3. **Insurance:** ARBITRATION AND AWARD: DIFFERENCES. Where the insured and the adjuster can not agree on a settlement, the arbitration clause in a policy of insurance is set in active operation.

4. ———: ARBITRATION: PLEADING: WAIVER. Per ELLISON, J.: Where the policy of insurance has an arbitration clause, waiver of such arbitration, if relied upon, should be pleaded and can not be proved under a general allegation of performance. Where the waiver has been permitted to be proved under a general allegation of performance, there has always been a defective attempt at performance, which has been accepted as performance. Cases discussed. SMITH, P. J., and GILL, J., express no opinion as to the matter of pleading but *hold* that there was no waiver shown in point of fact.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

*Fyke, Yates & Fyke* for appellant.

(1) A difference having arisen as to the amount of the loss, the failure of the assured to have same appraised as provided by the contract of insurance is,

fatal to his recovery. In *Mossness v. Ins. Co.*, 50 Minn. 341 (52 N. W. Rep. 932), the various conditions of the policy at bar with reference to the appraisal, *verb. et lit.*, are considered with the result as announced above. *Kahnweiler v. Ins. Co.*, 57 Fed. Rep. 562; *Lumber Co. v. Phœnix Co.*, 80 Mich. 116; *Phœnix Co. v. Stocks*, 36 N. E. Rep. (Ill.) 408; *Gasser v. Sun Fire*, 42 Minn. 315; *Canal Co. v. Coal Co.*, 50 N. Y. 252. That this is the law in Missouri, although we have no insurance cases on the question, is apparent from a reading of the following analogous cases: *Lasar v. Baldridge*, 32 Mo. App. 362, *loc. cit.* 365; *Iron Co. v. Helverson*, 48 Mo. App. 383, *loc. cit.* 392. (2) Instruction number 2, given upon the part of respondent, admits this view of the law applicable to the contract sued on to be correct, but submits to the jury the question of waiver. This was error for two reasons: *First.* No question of waiver is raised by the pleadings, in which state of the case no such issue should have been submitted to the jury. This is expressly so held in the recent case of *McCullom v. Niagara Co.* (S. & L. Ct. App., May 15, 1894), and authorities therein cited. *Second.* There was no testimony even tending to show waiver. For the above reasons defendant's demurrer to the evidence should have been sustained.

*G. W. Barnett* and *Sangree & Lamm* for respondent.

(1) All the policy provisions relating to arbitration should be construed together and each part given some meaning. *Ins. Co. v. Frazier*, 22 Ill. App. 327; *Wallace v. Ins. Co.*, 4 McCrary, 123; *Strauss v. Ins. Co.*, 94 Mo. 182. The meaning of the last clause is that appraisal must have been asked for or demanded by the company before it can complain that no

appraisal has been made. *Zimeriski v. Ins. Co.*, 91 Mich. 600; 52 N. W. Rep. 55; *Ins. Co. v. Robinson*, 64 Ill. 205; Fire Ins. Digest by Clement, p. 557, sec. 48; *Robinson v. Ins. Co.*, 17 Me. 131; *Mentz v. Ins. Co.*, 79 Pa. St. 478; *Ins. Co. v. Badgers*, 53 Wis. 288; 2 Wood on Ins. [2 Ed.], sec. 457, p. 1016; *Randall v. Ins. Co.*, 25 Pac. Rep. (Mont.) 953; *Kahn v. Ins. Co.*, 34 Pac. Rep. (Wyo.) 1059; *Hennesy v. Ins. Co.*, 35 Pac. Rep. (Wash. 1894,) 585; *Vangendertasten v. Ins. Co.*, 51 N. W. Rep. (Wis.) 1122; 82 Wis. 112. (2) Webster defines "require" as follows: "To demand; to insist upon having; to claim as by right and authority; to exact." Worcester defines it as follows: "To ask as of right; to demand; to claim." (See Worcester's Dictionary.) See for construction of the word "required," *Ins. Co. v. Maackens*, 9 Vroom, 564; 38 N. J. L. (3) But, should these definitions leave a doubt as to the abstract meaning of the word, yet by the frequent use of the word in the policy, defendant removes all doubt as to the sense in which it used the word and is estopped in the premises, because the word required is repeated a number of times and in different connections in the policy, and in every instance it is used in the sense of demanded or asked for by the company. (4) It is a well recognized rule of construction that when the language used in a policy is capable of two constructions the one most favorable to assured should be given to it, and all doubts and ambiguities should be solved in favor of the assured. *Rogers et al. v. Ins. Co.*, 121 Ind. 570 (577); *Ins. Co. v. Wiler*, 100 Ind. 92, *loc. cit.* 98; *Renshaw v. Ins. Co.*, 103 Mo. 595; *Ethington v. Ins. Co.*, 55 Mo. App. 129; *Healey v. Accident Ass'n*, 133 Ill. 556; *Bank v. Ins. Co.*, 95 U. S. 673; *Ins. Co. v. Robinson*, 64 Ill. 265. (5) And, if the language employed leaves a question of interpretation in doubt, that construction

adopted and acted upon by the assured will be upheld. *Wallace v. Ins. Co.*, 4 McCrary's Rep. 123, 8 U. S. Cir. Court; *Hale v. Ins. Co.*, 46 Mo. App. 508, and cases cited. Especially is this true as to the conditions to be filled after loss. *McFarland v. Ins. Co.*, 27 S. W. Rep. (Mo.) 436; *McNally v. Ins. Co.*, 137 N. Y. 389 (397, 398); *Am. Ex. Co. v. Ins. Co.*, 17 Ins. L. J. 709. (6) But, if this last clause were wholly stricken from the policy, yet defendant must demand an appraisal before it can bottom a defense upon the fact that no appraisal has been had. If the defendant refuses to arbitrate on plaintiff's demand, it loses nothing, because it can still have the loss determined by the court when sued. *Zimeriski v. Ins. Co.*, *supra; Kahn v. Ins. Co.*, *supra; Randall v. Ins. Co.*, *supra.* See, especially, opinion of court on page 959. (7) The right to an arbitration under this policy can not be construed so as to oust the court of its jurisdiction. *Gere v. Ins. Co.*, 67 Iowa, 272. (8) It has been held that when there is a total loss, as in our case, the provision as to arbitration does not apply. *Rosenwald v. Ins. Co.*, 50 Hun, 172; Clement's Fire Ins. Digest, sec. 25, p. 544. (9) There is no such a disagreement here as to render arbitration necessary. There was no offer of any sum by the adjuster and refusal to accept by plaintiff. (10) If this was a case which required appraisal, and it was plaintiff's duty to call for it, yet the acts of defendant in figuring upon the loss and talking about it, then subsequently demanding proofs of loss, and promising in their letter to Sangree & Lamm that when proofs of loss were furnished, the company would take the initiative and when proofs were furnished objecting to the sufficiency thereof on grounds other than a failure of arbitration, and stating that when proper proofs were furnished the company would give the matter such attention as

the nature of the case might require and defendant's failure to mention or suggest arbitration until after the loss became due, and until after the company had lost the right by giving notice, to replace the goods, etc., as provided in the policy, operates as a waiver of appraisal. *Hennesy v. Ins. Co.*, *supra*; *Randall v. Ins. Co.*, *supra*. See 2 Wood on Ins. [2 Ed.], p. 1012, and authorities there cited; *Milladon v. Ins. Co.*, 8 La. 557; *Tilley v. Ins. Co.*, 11 S. E. Rep. (Va.) 120. (11) And the plaintiff does not need to plead a waiver in order to avail himself of the benefits of it. *Heating & Vent. Co. v. Bissell*, 41 Mo. App. 426; *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *Ins. Co. v. Kyle*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 585; *Shultz v. Ins. Co.*, 57 Mo. 331; *Phillips v. Ins. Co.*, 14 Mo. 221; *McCullough v. Ins. Co.*, 113 Mo. 606; *O'Key v. Ins. Co.*, 29 Mo. App. 105; *Travis v. Ins. Co.*, 32 Mo. App. 198; *Maddox v. Ins. Co.*, 39 Mo. App. 198. (12) At all events the admission of full liability on the part of defendant, so that the only question left in the case is as to the amount of the damages, is a condition precedent to the right of defendant to plead in bar the absence of arbitration. 2 Wood on Ins. [2 Ed.] sec. 456, p. 1009; *Metz v. Ins. Co.*, 79 Pa. St. 478. (13) While not at all necessary to the determination of this case, we call the court's attention to the fact that there is a great array of respectable authorities holding that such a provision as the one in question is void or revokable, and can not be made available as a defense to a suit on a policy. *Ins. Co. v. Etherton*, 41 N. W. Rep. 406; *Assurance Co. v. Hocking*, 115 Pa. St. 407.

ELLISON, J.—The provisions in the policy under which the claim is here made, in so far as they bear upon the question of arbitration, are like those involved in the case of *Murphy v. Insurance Company*, decided at

this term; the opinion in that case being withheld until we could hear the argument in this case. After further consideration and an examination of the additional authorities cited in behalf of plaintiff, we are satisfied with the conclusion reached in the *Murphy case.*

While it seems to be well established law that parties can not oust courts of their jurisdiction to try causes by stipulating that all matters pertaining to the cause of action shall be submitted to arbitration, yet it is equally well established that the *amount of loss or damage* may be so provided for. *Sancellito v. Ins. Co.,* 66 Cal. 253; *Carroll v. Ins. Co.,* 72 Cal. 297; *Norley v. Ins. Co.,* 85 Mich. 210; *Canal Co. v. Coal Co.,* 50 N. Y. 252; *Davenport v. Ins. Co.,* 10 Daly, 535; *Ganche v. Ins. Co.,* 4 Woods, 102; *Ins. Co. v. Creighton,* 51 Ga. 95; *U. S. v. Roberson,* 9 Pet. 319. The same rule is held in England: *Scott v. Avery,* 8 Wellsby H. & G. 487. And so we have held and enforced the same principle in this state. *St. Joe Iron Co. v. Helverson,* 48 Mo. App. 383.

The foregoing authorities, as well as those cited in the *Murphy case,* assert that when such a contract is made by the parties, the condition for arbitration is a condition precedent to the right to sue. It is not going too far to say that the contract is not to pay what the plaintiff may establish by evidence *aliunde* the award of the arbitrators, but it is to pay *the sum which they may award.* And, therefore, prior to such award, no cause of action has, in this sense, accrued. And that an action brought before such award is premature.

None of the cases which plaintiff has cited us, militate against what we have said, among them, *Zimeriski v. Ins. Co.,* 91 Mich. 600. Nor do they antagonize the authorities we have cited. They will be found on examination to refer to policies containing a provision for arbitration on the written request of either party;

or, where there has been no failure to agree by the parties themselves; or, where *all* liability under the policies was denied. In the first of these instances, it is held that one of the parties must request an arbitration. In the second, that the parties must first find themselves unable to agree; in other words, a difference must exist. And in the third, that, if all liability is denied, there is no sum of damage or loss to arbitrate.

In these instances the effective matter bringing into operation the provision for arbitration has not transpired. But, in the present policy, it is provided that the parties must adjust the amount of the loss, and if they can not agree, then arbitration must ensue. And the testimony, as given by plaintiff, was that, "after meeting Mr. Carroll (the adjusting agent) we could not agree on a settlement, and I put it into the hands of Messrs. Sangree & Lamm," his attorneys. This, as was shown in the *Murphy case,* was sufficient to set into active operation the force of the arbitration clause.

2. But it is contended by plaintiff that, conceding there should ordinarily have been an arbitration, yet that defendant waived the provision by various acts in connection therewith.

We do not see much to sustain the claim of waiver as a matter of fact; but, be that as it may, waiver is not pleaded by the plaintiff. It is true that there is a series of decisions in this state, holding that in insurance cases, evidence of waiver may be received under a plea of performance; but it will be noticed that such cases are where something has been tendered and accepted as performance. The supreme court has never held that, where *nothing* has been done in the way of performance, waiver could be proved without pleading it. The court has said that, when the thing has been done, but in a defective or imperfect way, or at an

improper time, and the insurance company accepted it in such shape, or at such time, that this would be held to be an acceptance as performance, and thus the allegation of performance would be sustained.

Thus in *Kyle's case*, 11 Mo. 291, the court said that, "formal defects in the preliminary proof, which may be supplied if objections are made by the underwriters in time, may well be regarded as waived, where the underwriters put their refusal to pay distinctly upon some other ground. Nor do I perceive any objection to such evidence on the ground that the pleadings involve a different issue. It is merely evidence of a performance. It is not the case of a substitution of a new contract for the old one; it is not an excuse for nonperformance by the prevention or discharge of the defendants, but it is evidence of performance. The party for whose benefit the condition is asserted is presumed to understand its import, and his acceptance is the strongest evidence that the act agreed to be done has been done according to contract."

And so in the *Russell case*, 55 Mo. 593, the judge writing the opinion said, that it was a provision of our statute (section 2079, Revised Statutes, 1889), "that in pleading the performance of a condition precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and so, I presume, if he avers the performance of any specified condition, as well as a general allegation of performing all the conditions, he is not bound to state specifically how and in what time he has performed them. The proof of waiver in this case is not an excuse for nonperformance at all—it is proof of performance within the meaning of the condition."

The recent case of *McCullough v. Ins. Co.* 113, Mo. 606, was where proofs of loss were made out and deliv-

ered to an agent of the company. Judge BURGESS, in that case, states these facts and then refers to the cases from which we have just quoted and approves them. I think it will be found that the supreme court has only permitted evidence of what is termed a waiver, under a plea of performance, in such cases where there has been a performance, though a defective or imperfect one, yet where the act has been accepted by defendant *as* performance. In other words, that court has only permitted evidence of performance, under such pleading, when there has been performance in fact though imperfect. The court has merely held that proof of imperfect performance, *accepted by defendant as performance*, is not inconsistent with the allegation of performance. When, therefore, such act of acceptance on the part of the insurance company is called a waiver, it is, strictly speaking, a misnomer when considered in connection with the plea of performance. In the cases referred to, the supreme court has not looked upon such evidence as not being performance, or even as an excuse for nonperformance; for, in either event, it would patently be in the face of the petition alleging performance. And so the court said in the *Kyle* and *Russell cases* that such proof "is not an excuse for nonperformance at all—it is proof of performance within the meaning of the condition."

Now, in the case at bar, there was not the remotest attempt made to comply with the conditions as to arbitration—nothing was done in this respect which defendant could accept or reject—and the allegation that plaintiff had complied with all the conditions of the policy was not true. If there was any excuse why arbitration was not had, it should have been pleaded. *Bayse v. Ambrose*, 32 Mo. 484.

This is nowhere more clearly demonstrated than by the opinion of Judge EWING in the case of *Pier v.*

*Heinrichoffen*, 52 Mo. 333.   By that case (supported by numerous others readily remembered by the practitioner) it is shown that, under the code, a plain and concise statement of the facts constituting a cause of action or matter of defense must be stated.   "Facts, and not evidence or conclusions of law, must be distinctly stated.   Every fact which the plaintiff must prove to maintain his suit is *constitutive*, in the sense of the code, and must be alleged.   Facts, which dispense with the necessity of making demand of payment and giving notice to the indorser, are essential to the plaintiff's right of recovery as the fact that the defendant indorsed the note, or that it was executed and delivered by the maker, or that plaintiff is the holder; and the defendant has the right to controvert the one or the other in his answer.   He should, therefore, be informed by proper averments in the petition, what facts are relied on to charge him, so that he may have an opportunity to controvert them."

So, in this case, if there has anything occurred which prevented or excused plaintiff from entering, or offering to enter, into an arbitration, it should have been pleaded, so that an issue might be made up thereon.   But, to say that the plaintiff can allege in his petition that he has complied with the condition as to arbitration and then permit him to prove that he has not, and why not, would be to revolutionize the system of pleading and to do away with all idea of informing a defendant of what he must expect to meet at the trial.

My associates, however, prefer not to express an opinion as to the matter of pleading, in view of the fact that an understanding seems to prevail, which has found expression in some of the reported cases, that in insurance cases a waiver may be proven without being pleaded.   They are, furthermore, of the opinion that it

is not necessary to decide the point, since, in their opinion, their was no waiver shown in point of fact.

The result is that we must reverse the judgment. All concur.