Wm. L. Murphy, Respondent, v. The North British & Mercantile Insurance Company, Appellant.

### Kansas City Court of Appeals, March 22, 1897.

1. **Insurance**: PRACTICE: PLEADING: DEMURRER ORE TENUS: PREMATURE ACTION: JEOFAILS. If a petition fails to state a cause of action owing to the omission of an essential averment and its terms are not sufficiently general to comprehend such an averment by fair and reasonable intendment, an oral demurrer can be made at the trial by objection to the omission of any evidence; but such demurrer should not be sustained for informality in the statement of an essential fact, and a petition on a policy of insurance averring that the plaintiff has duly performed all the terms and conditions of the policy coupled with other allegations set out in the opinion, clearly implies that the indemnity claim was due and payable at the time the action was commenced; and the appellate court by reason of the statute of jeofails will not disturb a verdict.

2. ———: PLEADING: EVIDENCE: PROOFS OF LOSS: WAIVER. In a petition on a policy of insurance the allegation of performance will justify the introduction of evidence proving a waiver of proofs of loss. ELLISON, J., in a separate opinion, stands by McNees v. Ins. Co., 61 Mo. App. 335.

3. ———: ARBITRATION: REASONABLE TIME. McNees v. Ins. Co., 69 Mo. App. 232, followed.

4. ———: PROOFS OF LOSS: ARBITRATION: WAIVER. Where a policy of insurance contains a provision requiring proofs of loss within a specified time and another requiring arbitration in case of disagreement as to the amount of loss, both provisions can not be in active operation at the same time; and where the insurer offers to pay what he believes to be the amount of the loss, he implies that he is satisfied with the integrity of the loss and waives proofs of loss.

*Appeal from the Macon Circuit Court.*—Hon. Andrew Ellison, Judge.

Affirmed.

*Fyke, Yates & Fyke* for appellant.

(1) The petition is fatally defective because it fails to allege that the indemnity sued for was due and payable at the time of the filing of the petition. *Ins. Co. v. Hall,* 41 Pac. Rep. (Kan.) 69, *loc. cit.* 71, and numerous authorities cited. (2) The petition does not allege, either directly or inferentially, that the personalty destroyed by fire was at the time of the fire in the same place where it was insured. This is likewise a fatal defect. *Todd v. Ins. Co.,* 1 Mo. App. 472. (3) Under a plea of absolute performance, there having been neither compliance, nor attempted compliance, with the policy conditions, evidence of a waiver of proofs of loss is not admissible, and the court erred in admitting such evidence over defendant's objection. *McNees v. Ins. Co.,* 61 Mo. App. 335, and authorities discussed. (4) Under the evidence no recovery should have been permitted in any event for the personal property insured, for the reason that the offer to appraise was not made within a reasonable time from the following consideration. The performance of a policy condition where no time was mentioned for performance must be within a reasonable time. *Palmer v. Ins. Co.,* 44 Wis. 201; *Miller v. Hartford,* 78 Iowa, 704; *Springfield Co. v. Brown,* 18 Atl. Rep. 396. This is a general rule of concurrent law. *Bryan v. Sailing,* 4 Mo. 522. The question of what is a reasonable time is a question of law. *Singer v. Dickneite,* 51 Mo. App. 245; *Porter v. Ins. Co.,* 62 Mo. App. 520, holds that a delay of ninety days is not reasonable, and is squarely decisive of the question here involved. Nine months is not a reasonable time. *Scammon v. Ins. Co.,* 101 Ill. 621. Likewise four months. *Ins. Co. v. Macknes,* 9 Vroom, N. J. 564.

*Dysart & Mitchell* for respondent.

(1) The petition filed in this cause states cause of action, and is certainly sufficient, after verdict. No demurrer was ever filed to the petition, nor motion to make the same more definite. *Bank v. Leyser*, 116 Mo. 51; *Knox Co. v. Brown*, 103 Mo. 223; *Duff v. Fire Ass'n* 129 Mo. 460; *Buck v. R'y*, 46 Mo. App. 555; *Bassett v. Telegraph Co.*, 48 Mo. App. 566; 1 McQuillin's Plead. and Prac., sec. 471, and citations. (2) Under the plea that plaintiff duly performed all the terms and conditions of the policy on his part, can be proven a waiver of any of said conditions, by the company. It is so decided by a long line of decisions in our state and elsewhere under a like code of pleading. *McCullough v. Ins. Co.*, 113 Mo. 606; *Russell v. Ins. Co.*, 55 Mo. 585; *Richardson v. Ins. Co.*, 57 Mo. 413; *Kahnweiler v. Ins. Co.*, 67 Fed. Rep. 483; McQuillin's Plead. and Prac., sec. 322, at pp. 321 and 322. (3) The evidence of the waiver of proofs of loss by the agent of the company, Mr. Payson, who countersigned the policy, was proper, and was admitted to be proper by appellant's counsel, in their brief in the former trial of this cause. The waiver was a question for the jury and was fairly submitted. *McCullough v. Ins. Co.*, 113 Mo. 606; *Fulton v. Ins. Co.*, 51 Mo. App. 460; *Loeb v. Ins. Co.*, 99 Mo. 50; *Hamilton v. Ins. Co.*, 94 Mo. 353. And the court in *Murphy v. Ins. Co.*, 61 Mo. App. 323, in this very case, said proofs of loss could be and had been waived by said agent of said company. *Loco*, p. 333. (4) No time is mentioned in the policy within which an appraisal must be asked, whether by the insurer or the insured, nor is time mentioned or hinted at in connection with an appraisal, save that it is provided that no suit shall be sustainable "until after" compliance by

the insured with the requirements of the policy. A failure to arbitrate is not made by the policy a cause of forfeiture at all, at any time, but at most is only a postponement of the time at which suit may be brought "until after" arbitration is asked by the insured. The doctrine that policy provisions must be performed in a reasonable time or the insured will forfeit his claim, is applied only to conditions to be performed wholly by the insured, and then only when expressly stipulated in the policy. Even a request from the insurer and a refusal of the insured to arbitrate only suspends the right of action "until after" he accedes to the request. *Kahnweiler v. Ins. Co.*, 67 Fed. Rep. 483; *Lawrence v. Ins. Co.*, 2 Ap. Div., Rep. Sup. Ct., N. Y. 267; *Ins. Ass'n v. Evans*, 102 Pa. St. 281; *Vangindertaelen v. Ins. Co.*, 82 Wis. 112; *Tubbs v. Ins. Co.*, 84 Mich. 646; *Ins. Co. v. Scammon*, 100 Ill. 644; *Ins. Co. v. Downs*, 90 Ky. 236; *Ins. Co. v. Haeverin* (1896), 35 S. W. Rep. (Ky ) 922; *Ins. Co. v. Story* (1896), 35 S. W. Rep. (Texas) 68; *Randall v. Ins. Co.*, 10 Mont. 360; *Steel v. Ins. Co.*, 93 Mich. 81; *Kahn v. Ins. Co.*, 34 Pac. Rep. (Wy.) 1, 509.

SMITH, P. J.—This cause was before us on a former appeal, 61 Mo. App. 335, and it is agreed by counsel that that case may be considered in all its bearings upon this. A reference to the statement made by the judge who wrote the opinion on the former appeal will be found sufficient for a proper understanding of the questions raised by the present appeal. The plaintiff had judgment in the circuit court and the defendant has appealed.

I. At the inception of the trial in the circuit court, the defendant objected to the introduction of any evidence on the ground that the petition failed to

allege that the indemnity sued for was due and payable
at the time of the filing of the same. And this
objection to the sufficiency of the petition was again
urged after judgment in a motion to arrest. The
objection thus made and emphasized was by the
court overruled and this, it is here insisted, con-
stitutes reversible error. By reference to the peti-
tion it will be observed that it alleges the execution and
delivery of the policy, the description and situation of
the property covered by it, the payment of the prem-
ium, the total destruction by fire of the property, and
the value of the same. It is therein further alleged
"that immediately after the loss the plaintiff notified
the defendant thereof and made proof of loss, pursuant
to the terms and conditions of the policy, and that
plaintiff had duly performed all the terms and con-
ditions thereof on his part;" and that the defendant
had failed and refused to pay the amount of said loss,
though the same had been often demanded.

The rule of practice is that if a matter material
to plaintiff's cause of action be not expressly averred
in the petition, but the same be necessarily implied from
what is expressly averred, the defect is
cured by verdict. In such case a de-
fendant must make his objection either
by demurrer or motion. He can not
make it at the trial by objection to the introduction of
evidence. A plea to the merits waives such an objec-
tion. *Bank v. Leyser*, 116 Mo. 51; *Hurst v. Ash Grove*,
96 Mo. 168; *Bank v. Scalzo*, 127 Mo. 164; *Grove v.
Kansas City*, 75 Mo. 672; *Bower v. Kansas City*, 51 Mo.
454; *Elfrank v. Leiler*, 54 Mo. 134; *Lycett v. Wolff*, 45
Mo. App. 489. There is a marked distinction under
our practice act between a petition which defectively
states a cause of action and one which states no cause
of action at all. A defective cause of action is one

INSURANCE: prac-
tice: pleading: de-
murrer ore tenus:
premature action:
jeofails.

thing and a defectively stated cause of action is another. A petition stating a cause of action of the latter kind is good after judgment. *Edmonson v. Phillips*, 73 Mo. 59; *State v. Bush*, 77 Mo. 586; *Bank v. Leyser*, 116 Mo. 51.

So it has been ruled that when a petition fails to state a cause of action, owing to the omission of an essential averment, and its terms are not sufficiently general to comprehend such an averment by fair and reasonable intendment, an oral demurrer can be made to it at the trial by the objection to the admission of any evidence. Such a demurrer, however, does not entirely take the place of a formal demurrer by pleading and should not be sustained for informality in the statement of an essential fact. *Hatten v. Randall*, 48 Mo. App. 203; *Young v. Shickle*, 103 Mo. 324.

It seems to me that the plaintiff's petition at least defectively states a cause of action, and that its terms are sufficiently general by fair and reasonable intendment to comprehend the supposed omitted essential averment. Though the petition does not expressly allege that the indemnity claimed was due and payable at the time of the commencement of the action, I think that fact is necessarily implied from what is therein stated. The allegation of the petition "that the plaintiff has duly performed all the terms and conditions of the policy," coupled with the other allegations hereinbefore referred to, clearly imply that the indemnity claimed was due and payable at the time the action to recover the same was commenced.

Section 2113, Revised Statutes, provides that when a verdict shall have been rendered in any cause the judgment thereon shall not be reversed for want of any allegation or averment on account of which a demurrer could have been maintained, or for omitting any allegation or averment without proving which the

triers of the issue ought not to have given such verdict. And this statutory rule of practice has been invoked and applied in a great number of adjudged cases. *Richardson v. Farmer,* 36 Mo. 36; *Jones v. Lauderman,* 39 Mo. 287; *State v. County Court,* 51 Mo. 522; *State v. Webster,* 53 Mo. 135; *Bank v. Gilpin,* 105 Mo. 17; *Bank v. Leyser,* 116 Mo. 51; *Duff v. Fire Ass'n,* 129 Mo. 460; *Knox Co. v. Brown,* 103 Mo. 233; *Buck v. Railway,* 46 Mo. App. 555; *Bassett v. Telegraph Co.,* 48 Mo. App. 566. And in recognition of this statutory rule of practice, it has been declared that when statements in pleadings are defective and uncertain, evidence given in support of such statements will cure such defects and uncertainties. *Edwards v. Railway,* 74 Mo. 117; *Owen v. Crum,* 20 Mo. App. 121.

Tested by these rules I think the petition sufficient and the objection thereto stated at the outset, together with the further objection that the petition does not allege that the personalty destroyed by the fire was, at the time of the fire, in the same place where it was insured, should not now be sustained.

II.    In the progress of the trial plaintiff offered evidence tending to prove a waiver by defendant of proofs of loss, to the introduction of which defendant objected, on the ground that the petition ——: pleading: evidence: proofs alleged performance on the part of the of loss: waiver. plaintiff of the conditions of the policy. The overruling of this objection by the defendant is assigned as error. I think the ruling just stated should be approved. I am not unmindful of the able reasoning of Judge ELLISON, presented in his opinion in *McNees v. Insurance Co.,* 61 Mo. App. 335. Nor can I say, if the question of pleading and practice there discussed were *res integra* in this state, that I would not adopt the conclusion reached by him. But it seems to me that the rule is now very well settled in this state

that under the allegation in the petition that all conditions of the policy have been performed, proof of waiver is admissible and is proof of performance within the meaning of the conditions of the policy. *Richardson v. Ins. Co.*, 57 Mo. 413; *McCullough v. Ins. Co.*, 113 Mo. 606; *Kyle v. Ins. Co.*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 585; *Okey v. Ins. Co.*, 29 Mo. App. 105; *Travis v. Ins. Co.*, 32 Mo. App. 198; *Maddox v. Ins. Co.*, 39 Mo. App. 198; *Roy v. Boteler*, 40 Mo. App. 213.

III. Finally, the defendant objects that there should have been no recovery in the case for the reason that the request for the appraisement was not made within a reasonable time. The arbitration ——: arbitration: reasonable time. clause in the policy now before us is precisely the same as that in *McNees v. Ins. Co.*, decided at this term, wherein we held the demand to be in time, and we need do no more than to refer to that case for the reasons governing the disposition of this. The result is that the judgment must be affirmed. All concur.

ELLISON, J.—While I recognize the fact that in several opinions it has been assumed, so far as concerns insurance cases, that a waiver may be proved under an allegation of performance, yet I do not recede from the position taken in the *McNees* case, 61 Mo. App. 341, that it has resulted from a total misconception of what was stated and decided in the *Kyle* and *Russell* cases, 11 Mo. 291, 55 Mo. 593. It seems to me to be a reflection on the administration of the law, that without pretense of cause or excuse, there should be one rule of practice applied to insurance cases, and a directly opposite rule to all other cases.

ON MOTION FOR REHEARING.

SMITH, P. J.—It is alleged in the petition and admitted by the answer that immediately after the loss the plaintiff and the defendant disagreed as to the amount thereof. This, of course, was the result of the negotiations for a settlement of the loss.

——: proofs of loss: arbitration: waiver.

It was a concession by the defendant of liability. It only remained to ascertain the amount of the loss. The legal effect of the rejected offer of settlement was to set in active operation the condition of the policy respecting arbitration. It is clear that where a policy, as here, contains a provision requiring proofs of loss to be made within a specified time and another requiring arbitration in case of disagreement as to the amount of the loss, that the two provisions can not both be in active operation at the same time. They are to a certain extent inconsistent. If the insurer offers to pay what he thinks has been the amount of the loss of the assured, and is rejected by the latter, this implies that the insurer is satisfied of the integrity of the loss. It implies further that he will not require proofs of loss but will pay the amount ascertained by the arbitrators. If the insurer is satisfied of the integrity of the loss and is willing to pay the amount that may be ascertained by arbitration, then most manifestly the making of proofs of loss would be a vain and useless act on the part of the assured. Why prove facts which the assured practically concedes to exist? When the assured rejects the offer which the insurer makes, the latter need do nothing more until the assured demands the submission of the question of the amount of the loss to arbitrators. The implications already stated continue as long as the insurer's offer of settlement is not withdrawn.

It follows from this that when the provision in respect to arbitration is set in active operation that that in respect to making proofs of loss is superceded and rendered inactive. The latter is eliminated from the policy in so far as a compliance with its requirements is a condition precedent, and can not be restored until the offer of the insurer be withdrawn. *Dautel v. Ins. Co.*, 65 Mo. App. 44. After the arbitration provision is set in active operation there can arise no issue in respect to proofs of loss. In order to make out a *prima facie* case the plaintiff was not required to produce proofs of loss timely and satisfactorily made, nor proof of waiver thereof, for the reason that the provision of the policy requiring the proofs of loss had, by the defendant's own act, been in effect stricken from the policy and was not subject to be invoked by it. If, however, I am in error in this, and it was still incumbent on the plaintiff, in order to establish his *prima facie* case that he make proofs of loss, or prove the waiver thereof by the defendant, then I think, from the facts admitted by the pleadings, and to which we have already referred, the law implies a waiver of such proofs; and so it will not do to say that the plaintiff adduced no competent proof of waiver. But, as already stated, *Gale v. Ins. Co.*, 33 Mo. App. 654; *Carroll v. Ins. Co.*, 13 Pac. Rep. 863, I do not think there was any question of waiver in the case, and if there was proof offered to sustain any such issue it was immaterial.

The motion must be overruled.