## S. J. FOWBLE, Appellant, v. THE PHOENIX INSURANCE CO., Respondent.

### Kansas City Court of Appeals, May 16, 1904.

1. **INSURANCE: Failure to Agree: Arbitration: Evidence.** On the written evidence it is held there was a disagreement between the assured and the insurer as to the value of the property, and arbitration was therefore necessary.

2. ———: **Premature Action: Demurrer to Evidence.** If the failure to arbitrate arises from the fault of the insurer, arbitration is not a necessary prerequisite of a right to sue; and where the evidence concerning the failure to select arbitrators is conflicting, it should be submitted to the jury.

3. ———: **Conduct of Arbitrators: Umpire.** Arbitrators in selecting an umpire should seek an honest and competent person living within a reasonable distance, and if the assured's arbitrator suggests the names of such persons and the insurer's arbitrator refuses to accept, refusing to name anyone in the vicinity of the loss and insists on some one at a distance, the assured may bring his action without arbitration.

4. ———: **Arbitration: Agent.** Where the improper act of an arbitrator prevents the selection of an umpire the consequence thereof should be visited upon him who selected such arbitrator.

Appeal from Cedar Circuit Court.—*Hon. H. C. Timmonds*, Judge.

REVERSED AND REMANDED.

*M. T. January* and *R. W. Bannister* for appellant.

(1)   The insurance company and the insured must proceed in good faith with an agreement for arbitration and it is for the jury to decide the question and not the court.   Uhrig v. Ins. Co., 101 N. Y. 361.   (2)   The mere fact that an attempted arbitration has not been completed is no bar to an action on the policy.   McCullough v. Ins. Co., 113 Mo. 606; Brock v. Ins. Co., 26 L. R. A. 623; Ins. Co. v. Bishop, 154 Ill. 9.   (3)   The umpire should be chosen from the vicinity of the loss.   Brock v. Ins. Co., 26 L. R. A. 623; Chapman v. Ins. Co., 28 L. R. A. 405; Hickerson & Co. v. Ins. Co., 32 L. R. A. 172. (4)   There was evidence tending to prove that the appraiser appointed by the company was not "disinterested," within the meaning of the language of the policy. That question should have been submitted to the jury under appropriate instructions.   Brock v. Ins. Co., 26 L. R. A. 623.

*Fyke Bros., Snider & Richardson* for respondent.

(1)   It seems to us a waste of time to discuss the question whether or not there was a disagreement between the parties as to the amount of loss.   Plaintiff wanted at least $1,000.   Defendant contended that her loss did not exceed $200.   Dautel v. Ins. Co., 65 Mo. App. 50.   (2)   A disagreement having arisen, it was incumbent on plaintiff to demand an appraisal, and until such appraisal was had, unless waived, no action could be maintained.   Murphy v. Ins. Co., 61 Mo. App. 323. (3)   If the appraisers without fault of the parties failed to agree, though captiously and arbitrarily, it was the

duty of plaintiff to use reasonable effort, at least to suggest to defendant that other appraisers be selected. Swearinger v. Ins. Co., 66 Mo. App. 90; McNees v. Ins. Co., 69 Mo. App. 232; Hooker v. Ins. Co., 69 Mo. App. 141; Ins. Co. v. Maitten, 63 N. E. 755; Davenport v. Ins. Co., 10 Daly 535; Altman v. Altman, 5 Daly 436; Ins. Co. v. Frank, 35 Alt. (Md.) 436; Carroll v. Ins. Co., 13 Pac. (Cal.) 863; Levine v. Ins. Co., 68 N. W. (Minn.) 855. (4) It is the policy of the law to encourage these adjustments without an appeal to the courts. Zallee v. Ins. Co., 44 Mo. 532. (5) There is nothing in the record to show that Mr. Potts was any more stubborn than Mr. Schmidt.

ELLISON, J.—This is an action on a fire insurance policy. The policy contained the following arbitration clause:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers; the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expense of the appraisal and umpire."

At the close of the evidence the trial court concluding that plaintiff had not complied with that provision, determined that the suit had been prematurely brought and gave a peremptory instruction to the jury to find for the defendant.

Plaintiff's first point is that the parties had not disagreed as to the amount of the loss and hence there was

no necessity for arbitration. We think the point not well made. The parties are concluded on that score by their action, in writing, whereby they stated their disagreement and each selected one arbitrator. This was fully as much evidence of disagreement as should be asked. It was much more than appeared in Dautel v. Ins. Co., 65 Mo. App. 50; Murphy v. Ins. Co., 61 Mo. App. 329; Brock v. Ins. Co., 102 Mich. 583.

The difficulty between the parties arises over their attempted agreement over an umpire as provided by the policy. Their endeavor covered quite a period of time and involved much correspondence, taken part in by plaintiff's husband, her attorney and the arbitrator selected by her upon one side, and defendant's adjuster and the arbitrator which he selected, upon the other side. There was evidence tending to show that the mistake made by the arbitrators selected in their attempt to select a third was that, each showed himself too much a partisan and too little an arbitrator. In other words, each showed himself, in some degree, too loyal to the cause of the side which selected him, in apparently wanting an advantage. Their duty was to find the true amount of the loss, without reference to exaggerated appreciation upon one side, or depreciation upon the other. The mistake made by the court, in the condition of the evidence, was in declaring, as a matter of law, that the failure to arbitrate was the fault of the plaintiff. As the case stood when the demurrer was given, to hold that the plaintiff was at fault in the failure of arbitration was tantamount to holding as a matter of law that she was to blame for the failure to agree upon an umpire; for it was the failure of that effort which prevented an arbitration. The law is well-settled that if the failure to arbitrate arises from the fault of the insurer, arbitration is not a necessary prerequisite of a right to sue. McCullough v. Ins. Co., 113 Mo. 606; Niagara Ins. Co. v. Bishop, 154 Ill. 9.

We have gone over the evidence and find that it is

not conclusive of the claim of either disputant. So it became an issue for the jury and as such it should have been submitted along with whatever other issues there may be in the case. Uhrig v. Ins. Co., 101 N. Y. 362; Bishop v. Ins. Co., 130 N. Y. 488; Caledonian Ins. Co. v. Traub, 83 Md. 524.

The nature of the evidence, which in essential particulars may be the same on retrial, makes it appropriate to state our view of the law governing the selection of arbitrators. It is true that the parties having disagreed as to the amount of the loss, it became incumbent upon plaintiff to secure, or to make an effort to secure, an arbitration. McNees v. Ins. Co., 69 Mo. App. 232; s. c., 61 Mo. App. 335; Murphy v. Ins. Co., 61 Mo. App. 323. But if an insured makes an effort and fails through the fault of the insurer, we have already seen he may bring his suit without having had an arbitration. What is proper conduct by the arbitrators in selecting an umpire? Neither should endeavor to have a prejudiced, dishonest or incompetent person selected. Neither should insist on selecting parties living at an unreasonable distance from the scene of the loss when competent parties can be found near by. McCullough v. Ins. Co., 113 Mo. 606; Brock v. Ins. Co., 102 Mich. 583; Chapman v. Ins. Co., 89 Wis. 572; Hickerson v. Ins. Co., 96 Tenn. 193; Western Assurance Co. v. Hall, 120 Ala. 547. The trend of these authorities is to establish the proposition that if the arbitrator selected by the assured suggests the names of worthy, competent and unprejudiced persons residing near the scene of the loss for umpire, and the other arbitrator capriciously refuses to accept any of them, refusing to name any one on his part in the vicinity of the loss, and insists on some one at a distance, the assured may begin his action without arbitration.

There may be instances in small communities where proper arbitrators could not be found, in which case it would, of course, be necessary to seek them elsewhere.

It will be noticed from what we have just written, that we make the party responsible for the arbitrator selected by him for the action he takes in selecting an umpire. While the arbitrator is not an agent for the party selecting him, yet when it is the improper act or conduct of such arbitrator which prevents the selection of an umpire, the consequence of the failure should be visited upon him who selected such arbitrator. Niagara Ins. Co. v. Bishop, 154 Ill. 9; Braddy v. Ins. Co., 115 N. C. 354.

The judgment is reversed and the cause remanded. All concur.