TANDY & DAVIS, Respondents, v. WABASH RAILROAD COMPANY, Appellant.

68    431
97   ²595

Kansas City Court of Appeals, January 11, 1897.

1. **Common Carriers:** DAMAGES: INSTRUCTION: EVIDENCE. There was evidence in this case sufficient to sustain an instruction to find for the plaintiff the difference, if any, between what the stock sold for at the Union yards, where it was left by the defendant, and what it would have sold for at the National yards to which it was shipped by plaintiff.

2. **Evidence:** OPINION: FACTS: JURY. A witness should not usurp the function of the jury by giving his opinion as to the amount of damages; but where he details the facts on which he bases such opinion, there is no prejudicial error.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The plaintiffs were only entitled to recover nominal damages in this case. *Winkler v. R. R.*, 21 Mo. App. 109; *Dulaney v. Sugar Refining Co.*, 42 Mo. App. 659; *Rogan v. R'y*, 51 Mo. App. 665. (2) The court erred in permitting the plaintiffs, over defendant's objection, to assess the damages. This was a usurpation of the functions of the jury. *Belch v. R. R.*, 18 Mo. App. 80; *Kennedy v. Holliday*, 25 Mo. App. 514; *Watkins v. R'y*, 44 Mo. App. 248; *Hurt v. R'y*, 94 Mo. 261; *Spencer v. R'y*, 120 Mo. 159; *Vaughn v. R'y*, 62 Mo. App. 467; *Manufacturing Co. v. Huff*, 62 Mo. App. 126.

*Webster Gordon* for respondents.

(1) The plaintiffs were entitled to recover whatever amount they were damaged by reason of the breach of the contract. *Hammond v. Beeson*, 112 Mo. 190; *Dulaney v. Sugar Refining Co.*, 42 Mo. App. 659. (2) If the evidence is conflicting in an action at law and the issues are correctly submitted, the verdict ends the controversy. *Williams v. R'y*, 109 Mo. 475; *Hintze v. Coultos*, 48 Mo. App. 480; *State v. Rayburn*, 50 Mo. App. 683; *Vincent v. R'y*, 53 Mo. App. 616. Where there is evidence of a substantial character to support a verdict of a jury, as in this case, the appellate court will not undertake to balance it and find the preponderance. *Doud v. Reid*, 53 Mo. App. 553.

GILL, J.—The defendant has appealed from a judgment of $50 rendered against it for a failure to carry according to contract a mixed car load of sheep and hogs, which plaintiffs, in March, 1895, shipped from Columbia, and consigned to a commission firm at the National Stock Yards, in East St. Louis, Illinois. A violation of the contract is conceded. It is admitted by the defendant that the stock was received under a contract of shipment and that it agreed to deliver them to plaintiffs' agents at the yards in East St. Louis; and it is also admitted that the stock was carried to and left at the Union Stock Yards, in St. Louis, Missouri, instead of the National Yards in East St. Louis. The stock was taken charge of on the morning of March 6, 1895, by a commission firm doing business at the Union Stock Yards, St. Louis, Missouri, sold on that market, and the proceeds remitted to plaintiffs. The measure of damages was, at the trial, and is yet, the only matter of dispute. The verdict was for plaintiffs in the amount before stated.

I.  A careful consideration of the record and briefs fails to disclose any substantial ground for disturbing the judgment. Defendant's counsel has, in an oral and printed argument, insisted that there was no testimony tending to prove that plaintiffs suffered any substantial loss or damage by defendant's failure to deliver the stock at East St. Louis, as it agreed. And on this theory the court below was asked to instruct the jury to find for the plaintiffs in a nominal sum only. The court, however, refused to so instruct, but, in effect, told the jury that plaintiffs were entitled to recover whatever difference, if any, there was between what the stock sold for at the Union yards in St. Louis,

VOL. 68 app—28

Missouri, and what the same would have sold for on the same day at the National yards in East St. Louis.

There was ample evidence to justify a submission of the case under the latter instruction, the correctness of which, as matter of law, is not disputed. The testimony of the two plaintiffs and other evidence tended to prove that if the sheep and hogs had been taken to East St. Louis, the former would have sold, on said March 6, for $1 more on the hundred pounds, and the latter ten cents more per hundred pounds, than the parties were able to get at the Union yards in St. Louis, Missouri.

Further complaint is made as to the court's action in permitting plaintiff Tandy to state to the jury his estimate of the damages which his firm had sustained. If the question and answer objected to stood alone there would be some force in the point. For it is well understood that witnesses should not be allowed to usurp the function of the jury in matters of this nature. The witness, as a general rule, should detail the facts and therefrom the jury should exercise its judgment as to the extent of the damage. But here no prejudicial error was committed, since the witness gave in detail the facts and figures which served as the basis of his judgment. He testified that stock of the character of that belonging to his firm sold that day, at the East St. Louis market, at $1 per hundred for sheep and ten to fifteen cents per hundred for hogs more than they sold for at the yards at St. Louis, Missouri, and from this he estimated the loss to be $55 to $60. And this was about the correct computation on the basis of the facts testified to by the witness. There is no merit in this appeal and the judgment will be affirmed. All concur.