FRANK THOMAS, Respondent, v. LEBANON TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, January 24, 1899.

1. **Application for Insurance: WARRANTIES: REPRESENTATION.** In the case at bar, the respondent did not make out the application for insurance, did not sign it, nor did any one make it out or sign it for him, nor was it signed with his knowledge, direction or consent by any one, but was signed by an indifferent person, who was not the agent of either the company or the respondent, in which condition it was offered to the company, accepted by it, and the policy issued. *Held*, that the respondent was not bound by the warranties nor representations made in the application.

2. **Damages: ADJUSTMENT: ARBITRATION.** A denial of all liability by the insurance company left nothing under the arbitration clause to be adjusted.

*Appeal from the Webster Circuit Court.*—HON.
ARGUS COX, Judge.

AFFIRMED.

E. B. KELLERMAN, J. P. NIXON, W. I. WALLACE for
respondent.

John Wright became the agent of appellant company
by ratification. Kelly v. Gay, 55 Mo. App. 39; Turner v.
Railroad, 51 Mo. 501; Farris v. Thaw, 72 Mo. 446; Burk v.
Gay, 63 Mo. 33.

J. T. MOORE and J. W. FARRIS for appellant.

This is an action on a fire insurance policy for a loss
alleged to have occurred in Laclede county, hence it can not
be regarded as a transitory action. The jurisdiction was
confined to Laclede county, or some other county where the
defendant company had an agent, which should affirmatively
appear in the pleadings. Hence, the jurisdiction did not
belong to Webster county, and the court had no authority
to try the case, and the judgment was rendered *coram non
judice.* Collier v. Wilson, 56 Mo. App. 420.; Dray v. Mar-
shall, 66 Mo. 122; Fields v. Maloney, 78 Mo. 176. The
court in which application for change of venue was made
does not lose jurisdiction of the cause by the mere fact of
the application, but it is the order granting the change of
venue, which divests it of jurisdiction, and confers it upon
the court to which the change is granted. Collier v. Wil-
son, 56 Mo. App. 420; Whitson's Estate v. A. J. Whitson,
89 Mo. 58. The record does not show that a change of
venue was ordered. The application for a change was based
on the prejudice of the judge, and the order does not change
the venue, or name any other circuit, but simply directs the

clerk to send a transcript of the record and proceedings to
Webster county circuit court. That court was not invested
with jurisdiction, as there was no award of venue, by any
action of the circuit court of Laclede county. Collier v.
Wilson, 56 Mo. App. 420; Dodson v. Scruggs, 47 Mo. 285;
Erwin v. Brooks, 69 Mo. 49; Wernse v. McPige, 86 Mo.
589; Devore v. Staeckler, 49 Mo. App. 547. Plaintiff made
no proposition to arbitrate, and no arbitration was had, and
no reason is assigned in the petition why no arbitration was
had. Arbitration is a condition precedent in the policy sued
on. McNees v. Southern Ins. Co., 61 Mo. App. 335, and
authorities there cited. The statements made by the plain-
tiff in his application are admittedly untrue, and he seeks
to put the responsibility for such statements on the person
who took his application. John Wright took the applica-
tion, according to the plaintiff's testimony, and his father,
E. B. Wright, was the soliciting agent of the company, and
the said John Wright had no authority to act for the com-
pany in any capacity. The court permitted plaintiff to re-
peat in his testimony the oral statements, and acts of said
John Wright, at the time he wrote the application, and the
terms of the application and the policy of insurance, made
said John Wright, the agent of the insured. School Dist.
v. Ins. Co., 61 Mo. App. 597, and authorities there cited;
Baxter v. Ins. Co., 65 Mo. App. 255. A local agent of a
foreign fire insurance company who is not shown to have
any authority beyond the soliciting of insurance, has no
power, on behalf of such company, to waive any of the con-
ditions of a policy issued by it. Hansen v. Ins. Co., 66 Mo.
App. 29. The court instructed the jury that if they found
the issues for plaintiff they should find that he had been
damaged in a sum not to exceed three fourths the value of
the property destroyed, and did not restrict the jury to find
such sum provided it did not exceed the amount insured by
the policy sued on. In all actions on insurance policies, the

recovery is limited to the amount insured, and an instruction that does not restrict the finding of the jury to the amount insured, is grossly an error, and for that reason the judgment in this case ought to be reversed. Under the law and evidence, the judgment ought to be reversed, and under the record, the cause should be sent back to the Laclede county circuit court, the only court possessed of jurisdiction.

BLAND, P. J.—The respondent has filed a motion to dismiss the appeal on the grounds, first, that the bill of exceptions was filed out of time; second, that the appellant's abstract fails to comply with rule 15. The bill of exceptions was filed on February 5, 1898, and shows that the time originally granted in which to file it was extended to February 1, same year. On the suggestion of the appellant the original order extending the time for filing the bill has been transmitted here; by this original order it appears that the time for filing the bill was extended to February 10, instead of the first. The abstract of the evidence filed by appellant gives the principal testimony in the case *in extenso;* the entire evidence, however, of one witness is omitted, but is referred to, hence the abstract, if it can be so termed, is not the abstract contemplated by rule 15. The object of the rule is to give this court a synopsis of all the evidence, but none of it *in extenso.* This case is here, however, on a full transcript, and we do not feel authorized to dismiss the appeal, when we have the whole case before us, and when it appears that appellant has not misled the court by his abstract, nor attempted to do so, the motion to dismiss will be denied.

The suit is on a policy of insurance issued (as the title of the cause indicates) by a mutual fire insurance company insuring the respondent's dwelling house and household goods against loss by fire. The policy is a very elaborate one, covering several pages of the transcript; annexed to

the policy is an application for insurance, which the policy undertakes to make a part of the contract of insurance; the petition is in the ordinary form of petitions in like cases, averring a total loss of the dwelling house and enumerating the personal goods and their value included in the policy and which were lost by the fire. The answer pleads a breach of the conditions of the policy by the respondent and a breach of several of the warranties enumerated in the application. On the application of the appellant the venue of the cause was changed from Laclede county, where the cause was properly brought, to Webster county. The appellants take some exceptions to the action of the court in awarding the change, asserting in their abstract that no order of the Laclede county court was made awarding the change. An examination of the transcript refutes this contention and shows that the court did order a change of venue for the cause set forth in appellant's affidavit. The order was sufficient to possess the Webster court of the cause, and we hold it had jurisdiction over the subject-matter by virtue of the order of the Laclede circuit court changing the venue. A trial was had by a jury, who returned a verdict for respondent, on which a judgment was duly rendered, from which the insurance company has duly appealed.

Respondent introduced the policy of insurance; proved his loss by fire during the life of the policy, notice of his loss to the insurance company, and the making of proofs of loss and the acceptance of the same by the company as sufficient. The appellant introduced evidence tending to prove a breach of some of the warranties and representations contained and made in the application for insurance. This defense and the evidence in support of it was not available to the defendant, for the reason that the respondent did not make out the application, did not sign it, nor did any one make it out or sign it for him, nor was it signed with his knowledge, direction or consent by any one, but was signed by an

indifferent person, who was not the agent of either the company or the respondent, in which condition it was offered to the company, accepted by it and the policy issued. In these circumstances the respondent was not bound by the application, and the warranties and representations therein were not his warranties nor representations. The policy contains a clause to the effect, in case of loss if the company and the assured failed to agree on an adjustment of the loss or damages, then the same should be submitted to arbitrators before any suit should be brought. The answer pleaded a failure to comply with this condition. This, with other new matter was put in issue by reply. The undisputed evidence is that the company denied any liability whatever for the loss and refused to consider an adjustment of the same. A denial of all liability left nothing under the arbitration clause to be adjusted; the amount of the loss or damages is what was agreed to be arbitrated in case of a disagreement between the assured and the company, not the liability of the company. By an unqualified denial of all liability the appellant was relieved from pursuing the arbitration clause. The instructions presented the case fairly to the jury; the verdict is supported by the evidence, and we affirm the judgment. All concur.