EDWARD E. WHITE, Respondent, v. THE FAR-
    MERS' MUTUAL FIRE INSURANCE CO., Ap-
    pellant.

Kansas City Court of Appeals, January 5, 1903.

1. **Evidence: EXPERT: LIGHTNING-KILLED CATTLE: HARM-
    LESS ERROR.** Knowledge and experience are the test in determ-
    ining whether a witness is qualified as an expert, and where he
    has no knowledge or experience in such matters he may not testify
    as to whether certain cattle were killed by lightning or not; but,
    however, where the defendant subsequently introduces evidence to the
    same effect the error is harmless.

2. **———: OBJECTIONABLE QUESTION: NEGATIVE ANSWER:
    HARMLESS ERROR.** Where objection to a question is sustained
    and the witness, however, answered, "I don't know about that,"
    the error is harmless.

3. **Pleading: VARIANCE: INSTRUCTION: AFFIDAVIT.** A petition
    alleged the killing of five head of two-year-olds and two head of,
    yearlings. The evidence showed five milch cows and three yearlings.
    The instruction declared if the jury believed that said cattle or any
    part of them were so killed, then they should find the value of such
    cattle. The variance between the petition and the proofs is held.
    harmless and does not affect' the instruction since there was no affi-
    davit showing in what respect the defendant had been misled.

4. **Interest: CONTRACTS: CONSTRUCTION: STATUTE.** The stat-
    ute only allows interest on contracts and judgments, and where it
    was stipulated in an insurance policy that interest should not begin
    until sixty days after adjudication, meaning adjudication by the
    company which never in fact occurred, interest begins to run only
    from the date of the judgment.

5. **Arbitration and Award: INSURANCE: CONDITION PRECED-
    ENT: OUSTING COURTS OF JURISDICTION.** Parties may con-
    tract that in case of difference as to the amount of a loss such
    difference may be settled by arbitration as a condition precedent
    to the bringing of suit in the courts, but where such stipulation
    amounts to an absolute prohibition to resort to the courts, then
    it is ineffective to prevent suit, and this doctrine applies to a
    county insurance company since the statute provides that they may
    sue and be sued.

6. **———: ———: DENIAL OF LIABILITY: OUSTING COURTS OF
    JURISDICTION.** The insurer at all times denied that the assured's
    cattle had been killed by lightning. *Held,* this was a denial of
    of liability in toto and the court had jurisdiction to settle the
    liability, notwithstanding an arbitration clause in the policy.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED, *si.*

*Kendall B. Randolph* and *Frank Costello* for appellant.

(1) The court erred in sustaining plaintiff's motion to strike out a part of the answer. Nelson v. Von Bonhorst, 29 Penn. St. 352; Perry v. Cooper, 8 Mo. 205; Blaine v. Knapp & Co., 140 Mo. 241; Allen v. Davis, 11 Mo. 479; Ray v. Hodge, 13 Pac. 599; Krum v. Mersher, 9 Atl. 324; Salinas v. Wright, 11 Tex. 572; Gellespie v. Mather, 10 Penn. St. 28; Mason v. Graff, 35 Penn. St. 448. (2) Contracts must be construed according to the plain intent and meaning of the parties. Webster v. Meyer, 52 Mo. App. 338; Truman v. Stephens, 83 Mo. 218. An arbitration may either be "statutory," or "at common law." Williams v. Perkins, 83 Mo. 379; Lasar v. Baldridge, 32 Mo. App. 365; Quinlivan v. English, 42 Mo. 362; s. c., 44 Mo. 46. (3) Arbitration or a refusal to arbitrate on the part of the defendant is a condition precedent to a recovery. Murphy v. Mercantile Co., 61 Mo. App. 323; McNees v. Ins. Co., 61 Mo. App. 335; McCollough v. Ins. Co., 113 Mo. 606, and cases cited; Dautal v. Ins. Co., 65 Mo. App. 50; Sweringer v. Ins. Co., 66 Mo. App. 90; Johnson v. Ins. Co., 69 Mo. App. 226; Hooker v. Ins. Co., 69 Mo App. 141. (4) The court erred in permitting witness Hill to give an opinion to the jury as to how in his judgment the cattle were killed. Railroad v. Stock Yards Company, 120 Mo. 541, 550; Benjamin v. Railway, 133 Mo. 274; Hurt v. Railway, 94 Mo. 255; Muff v. Railway, 22 Mo.. App. 584; Hartman v. Muehlebach, 64 Mo. App. 565; Madden v. Railway, 50 Mo. App. 666; Turner v. Haar, 114 Mo. 335; Goins v. Railway, 47 Mo. App. 173. (5) The plaintiff's first instruction should not have been given for the very obvious reason that the petition alleges the cattle killed were five head of two-year-old

cattle and two head of yearling cattle, while the evidence showed four milk cows and three yearlings. (6) Plaintiff's second instruction is open to the same objection as the first, and to the further objection that it required the jury to allow interest from April 26, the day the cattle were drowned, while the contract of insurance provides "the amount of loss or damage to be paid within sixty days after adjudication." R. S. 1899, sec. 3705.

*Hewitt & Blair* for respondent.

(1)  A party can not complain that the court permitted a witness to testify against his objection to certain facts, if subsequently in the same trial he admits the facts brought over his objection. State v. Goddard, 162 Mo. 226. (2)  Where a party adduces incompetent evidence he can not complain on appeal that his adversary was given the same privilege. State v. Palmer, 161 Mo. 175. (3)  The clause in appellant's constitution: "All disputes . . . whether touching the point of liability or amount of loss must be settled by mutual agreement or arbitration; any other proceeding in court is entirely prohibited," constituted no defense and was properly stricken from the answer. 2 May on Ins. par. 492; 6 Lawson on R. R. & P., par. 3326; Same, vol. 5, par. 2087; 2 Story on Eq. Jur., par. 1457; 2 Am. and Eng. Ency. of Law, p. 570; Dadenfield v. Ins. Co., 154 Mass. 77 (27 N. E. 769) ; Haggard v. Morgan, 5 N. Y. 422; McNees v. Ins. Co., 61 Mo. App. 340; Strohmaier v. Zeppenfield, 3 Mo. App. 432; Secs. 8056, 8064, R. S. 1899. (4) The by-law set up in the answer is no defense. There was a denial of all liability and the answer showed such denial. Since the company denied all liability there was nothing to arbitrate.  5 Lawson on R. R. & P., par. 2087; 2 Am. and Eng. Ency. of Law, p. 581; Farnum v. Ins. Co., 83 Cal. 246; Rosenwald v. Ins. Co., 3 N. Y. 215; Bailey v. Ins. Co., 77 Wis. 336; Hamilton v. Ins. Co., 137 U. S. 370; Dautel v. Ins. Co., 65 Mo. App. 50; McNees v. Ins. Co., 61 Mo App. 341; Thomas v. Ins. Co., 78 Mo. App. 273; Montgomery v. Ins. Co.,

80 Mo. App. 506. (5) Where there is a variance, the statute points out the method by which it is necessary to proceed in order to save the point. Sec. 655, R. S. 1899; Chouquette v. Railway, 152 Mo. 262; Bank v. Leyser, 116 Mo. 68; Bank v. Taylor, 69 Mo. App. 103; Pancoast v. Gas Fixt. Co., 60 Mo. App. 60; Lalor v. Byrne, 51 Mo. App. 583.

BROADDUS, J.—This is a suit against the defendant, a mutual fire insurance company, of which the plaintiff is a member, on a policy issued to him on November 15, 1897, by which, for a valuable consideration, defendant insured him, among other property, against loss by lightning on his live stock. He claims that on April 26, 1900, while said policy was in force, of said live stock five head of two-year-old and two yearling cattle were killed by lightning and became a total loss; that he gave defendant timely notice of his said loss; and that defendant's board of directors duly ascertained and determined his loss to be of the sum of two hundred and thirty-four dollars, which defendant has failed and refused to pay.

The defendant's answer admits the contract of insurance, but denies that the animals were killed by lightning. The defendant further answered setting up a condition of the policy that: "all disputes between this company and any member thereof touching the point of liability of this company to pay any loss, or the value of property destroyed or damaged by fire or lightning, shall and must be settled by mutual agreement or by arbitration; and other proceeding in court is entirely prohibited." And also setting out a by-law of defendant prescribing the duty of the adjuster in adjusting losses; and also providing in the event of a dispute between the assured and assurer, whether touching the question of the liability of the defendant to pay any loss, or the value of the property destroyed, for a settlement of such dispute by mutual agreement, or by arbitration; any other proceeding in court being pro-

hibited.    Further, that the plaintiff in pursuance of
said by-laws, being dissatisfied with the refusal of the
defendant's committee of adjusters to allow him any-
thing on his said claim for loss, applied in writing to de-
fendant to have said disputed loss arbitrated, in ac-
cordance with the rules of defendant regulating such
arbitration; and that thereupon in accordance with such
rules, arbitrators were appointed, time and place fixed
for the hearing of the matter in dispute, at which time
and place said arbitrators appeared when plaintiff re-
fused to further submit to such arbitration.    All of
which is pleaded in bar of plaintiff's action.

On motion of plaintiff the court struck out all that
part of said answer setting up said condition of the pol-
icy and by-laws, and the action of plaintiff in applying
for arbitration and his withdrawal before the hearing
and award, because the same constituted no defense to
plaintiff's cause of action.    The finding and judgment
were for the plaintiff from all which defendant ap-
pealed.

After an examination of all the evidence we are
satisfied that there was substantial testimony to show
that the animals in question were killed by lightning.
We will therefore give no further consideration to de-
fendant's contention that the verdict of the jury is not
supported by the evidence.

Specific objections are made to the actions of the
court in admitting improper and refusing to admit
proper evidence.    One C. D. Hill, a witness on behalf
of the plaintiff, was asked the following question, viz.:
"After examining the cattle and taking all the facts
and circumstances into consideration, tell the jury how,
in your opinion, these cattle came to their death?"    De-
fendant's objection was that the witness had not quali-
fied as an expert.    His answer was:    "Well, I thought
from the way this one was burnt and the way the others
were bruised and the amount of thunder and lightning
that night they was bound to all be knocked down by
lightning."    The objection should have been sustained
and the action of the court in permitting the witness to

give his opinion as an expert when in fact he had not qualified as such was error. Tandy v. Railway, 68 Mo. App. 431, and Pope v. Ramsey, 78 Mo. App. 157, cited by plaintiff, have no application whatever to the question. The same objection does not hold good as to the evidence of witness Alcott who was shown to have had experience and knowledge of animals that had been struck by lightning. Knowledge and experience is the test in determining whether a witness is qualified as an expert in cases of this kind. Notwithstanding it was error to admit the testimony of witness Hill as to what in his opinion caused the death of the cattle, it is claimed by plaintiff that the defendant afterwards condoned the error by introducing evidence corroboratory of said witness. The defendant introduced as a witness one W. B. Cline as an expert, who testified that animals struck by lightning showed, practically, the same marks and indications testified to by said Hill and other witnesses of plaintiff, and his evidence in that respect was very forcibly corroborative of theirs. As no injustice resulted to defendant by reason of the error, it affords no just ground for complaint.

It is also claimed that the court committed error in not permitting witness Piper to state whether or not the cattle could have gotten from the place where their carcasses were found without being carried by the water under a bridge situate between that place and where the cattle were last seen during the storm, the contention being that the cattle were drowned in the high water in the creek which was occasioned by an unprecedented fall of rain. Notwithstanding the objection was sustained, the witness did answer the question substantially by saying: "Well, I don't know about that." If he did not know the fact sought to be elicited, there was no harm done and it is not material whether the question was competent or otherwise.

On the trial it was shown that five milch cows and three yearlings were found dead, while the petition alleged that the cattle killed consisted of five head of two-year-olds and two head of yearlings. In view of

this variance of the proof from the allegations of the petition, defendant insists that instruction number one given for the plaintiff was erroneous. Said instruction is as follows: "The court instructs the jury that the only issue in this case is, were the cattle in question killed by lightning, and if the jury believe 'from the evidence that said cattle or any part of them were so killed, then you should find'for the plaintiff the value of such cattle so killed," etc. There is no claim that this instruction was not a proper one if there had been no variance between the allegations of the petition and the proofs, and we do not think that could make any difference under the circumstances as the defendant did not show by affidavit in what respect it had been misled. · R. S. 1899, sec. 655; Chouquette v. Railway, 152 Mo. 257.

Instruction number two, authorizing the jury to allow plaintiff interest from the date of his loss, is not the law. The statute only allows interest on contracts and judgments. See chap. 40, R. S. 1899. In this case, under the contract of insurance, interest would not begin to run until sixty days after adjudication; that is, after adjudication by the defendant company, and as there was no such adjudication shown in evidence, interest would not begin until the date of judgment. The verdict of the jury fixed the value of the animals at $234, and allowed him $7 interest, making the total verdict $241. The defendant's criticism of plaintiff's fourth instruction is not well founded. It has been in constant use for a great while in the courts and has been often approved.

But defendant's main contention is that the court erred in striking out that portion of its answer setting out a certain part of the policy and the by-laws of defendant which it pleaded in bar of the plaintiff's right of recovery. We have indicated in the statement the parts of defendant's answer stricken out on plaintiff's motion. The question is directly presented whether it is in the power of an insurance company to make contracts and by-laws whereby their liability for alleged losses of property insured are to be determined by arbitration and resort to a court of law entirely prohibited.

It is conceded that such companies may by contract and by by-laws, provide for arbitration in cases where disputes may arise between the insured and the insurer, as to the amount and value of property distroyed by fire or lightning, but it is denied that the power exists to determine the tribunal wherein their liability shall be adjudicated. County insurance companies like the defendant are creatures of the statute. All their rights, duties and powers are conferred. The very statute that created them provides that they may sue and be sued. Sec. 8056, R. S. 1899.

In McNees v. Ins. Co., 61 Mo. App. 335, it was held that, "though parties can not oust courts of their jurisdiction to try causes by providing that all matters pertaining to the cause of action shall be submitted to arbitration, yet it is well-settled law that the amount of loss or damage may be so submitted." In Murphy v. Mercantile Co., 61 Mo. 323, it was held that, "the arbitration provision in a policy was absolute and mandatory . . . and such arbitration under the terms of the policy was a condition precedent to the defendant's liability." The terms of the policy in that case provided that in the event of a disagreement between the assured and the assurer as to the amount of loss or damage, the dispute should be settled by arbitration, and no suit or action for recovery on the policy should be sustainable in any court of law or equity unless such requirement for arbitration should be complied with. The ruling in the former case was expressly held not to be in conflict with that of the latter.

The case under consideration is very different wherein the provision for arbitration is not a condition precedent to defendant's liability but is an absolute prohibition of his right to sue either before or after arbitration. But we understand that it is conceded that if defendant's liability is denied in toto, that question may be settled in the courts. If the defendant's denial at all times that plaintiff's cattle were not killed by lightning was not a denial of all liability under its contract, it would be hard to conceive what would amount to such a

denial, unless we accept defendant's idea that it must be a denial of the validity of the contracts itself. But no such meaning was ever attached to the language before, according to our understanding, and we do not think it can be found in the books—*reductio ad absurdum*. As the defendant denied all liability there was nothing to arbitrate. Dautel v. Ins. Co., 65 Mo. App. 44; McNees v. Ins. Co., 61 Mo. App. 335; Thomas v. Ins. Co., 78 Mo. App. 268; and Montgomery v. Ins. Co., 80 Mo. App. 500. The defendant has failed to recognize the distinction between cases where certain conditions of a policy of insurance to make proofs of loss, keep books, or things of a similar character, for the failure of which the liability of the company will not attach, and cases where all liability is denied.

The respondent has filed a motion to dismiss the appeal because the appellant has not complied with the law and rules of court regulating appeals, but we think there has been substantial compliance with both the law and the rules of the court in that respect, therefore said motion is overruled.

For the error noted the cause is reversed unless plaintiff shall in ten days enter a remittitur of seven dollars allowed by the jury as interest in computing the amount of the verdict, in which case the cause will stand affirmed. All concur.